## THE GHAZEE.

(Circuit Court of Appeals, Second Circuit. June 15, 1909.)

No. 265.

1. SHIPPING (§ 132*)—CONNECTING CARRIERS—SUIT FOR SHORT DELIVERY OF CARGO—BURDEN OF PROOF.

When it is shown that goods, when delivered by a vessel which was the last carrier to the consignee, were deficient in quantity, the presumption is that the missing goods were delivered to such vessel, and the prima facie case so made out is not only one of liability against the owner, but of a maritime lien against the ship, and the burden rests upon her to prove that she delivered all that she received.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 132.*

Presumptions and burden of proof as to cause of loss or injury to goods shipped by vessel, and diligence or negligence of carrier, see note to The Patria, 68 C. C. A. 398.]

2. SHIPPING (§ 141*)—LOSS OF CARGO—EXEMPTION OF LIABILITY IN BILL OF LADING.

An exemption in a bill of lading of liability for loss of cargo by theft does not relieve the vessel, where there was negligence on her part which contributed to or facilitated the theft.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 141.*]

Appeal from the District Court of the United States for the Southern District of New York.

Robinson, Biddle & Benedict (H. S. Hertwig and Wm. S. Montgomery, of counsel), for appellant.

J. Parker Kirlin and John M. Woolsey, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. This action was brought by the assignee of two through bills of lading to recover damages for the alleged loss of bristles out of cases shipped from Tientsin, China, to Shanghai on certain steamers and there transhipped to the steamship Ghazee for transportation to Boston.

It is admitted that all the cases in question were delivered to the Ghazee and were carried by her to Boston, and the testimony is uncontradicted that part of their contents, amounting in all to 830 pounds and valued at $1,500, were missing from the cases when they were

delivered to the consignee. Indeed, before the trial it was stipulated by the parties that there were more bristles delivered to the first carrier at Tientsin than were delivered to the consignee by the Ghazee on her discharge at Boston.

The defenses of the Ghazee were: (1) That she delivered the goods in the same condition in which she received them; (2) that there was no proof that the missing bristles had been delivered on board her, and, consequently, no maritime lien was established; (3) that she was relieved from liability by the following exceptions in the bill of lading:

"The acts of God, * * * robbers or thieves by land or sea, on board, in craft, or on shore, whether in the service of the shipowner or not. * * *

"Merchandise on wharf in craft or elsewhere awaiting shipment or delivery is absolutely at shipper's or consignee's risk."

It is well settled by the authorities that:

"A connecting carrier who has completed the transportation and delivered the goods to the consignee in a damaged condition or deficient in quantity will be held liable in an action for the damage or deficiency without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which they were delivered." 3 Hutchinson on Carriers, § 1384, and cases cited.

Or, as stated by the claimant in its brief in speaking of the proof required of such a carrier:

"He has merely to show that the cargo was not damaged while in his custody, and that he delivered it in the same condition in which he received it."

This rule is, manifestly, as applicable to carriers by sea as to land carriers, and, in our opinion, is unaffected in its operation by the principle that in order to maintain a proceeding in rem delivery of the cargo upon the vessel must be shown. When it appears that goods delivered by the last carrier to the consignee are deficient in quantity, the presumption is that the missing goods were delivered to such carrier; and the prima facie case made out is not only one in which a carrier's liability is shown, but in which a maritime lien against the ship is established. Presumptively the missing bristles were delivered on board the Ghazee. Unless she sustained the burden of proof that they were not so delivered, she was liable in this action.

Now the burden was upon the Ghazee to establish a negative—that the goods were not lost or stolen while in her custody. She attempted to do this by showing: That her officers watched the cases as they came over the ship's side and were being stowed in the hold and saw nothing wrong; that the cases went into a part of the hold where it would have been very difficult to broach them; that on several occasions the hold was inspected, and no change in the condition of the cases was seen; and that no bristles were found on the deck. This testimony went far to show that the cases were not opened while upon the ship, but did not go far enough. The chain of negative proof required was incomplete. The proof left several hypotheses consistent with the loss of the bristles upon the ship and with her liability therefor. Thus, for example, it appears that the ship lay eight days at Shanghai, and that two quartermasters were on duty at night. These men were not called as witnesses. In the absence of any proof it can-

not be assumed that they did their full duty. For all that appears they may have failed in the performance of their duties and through negligence made it possible for thieves to enter the holds, extract the bristles, and put back the cases. In such a case the exemption in the bill of lading would not relieve the ship. While a general exemption against thieves may be valid, it is not to be construed as including or as applicable to a case where there was negligence on the part of the ship which contributed to the theft or facilitated it. Cunard S. S. Co. v. Kelley, 115 Fed. 686, 53 C. C. A. 310.

Of course we are not expressing an opinion that the bristles were stolen in the manner suggested. We merely point out that they might have been so taken to show that the ship failed to remove the presumption against her. She assumed a difficult task—to establish a negative. But the difficulty in establishing it in no way relieved her from the burden of doing so if she were to escape liability, and, as we have seen, the vessel has not sustained this burden. She has merely presented evidence from which inferences both ways may be drawn. She has failed to fulfill the obligation of showing the fact that the loss did not occur while the goods were in her custody.

The decree of the District Court is reversed, with costs, and the cause remanded, with instructions to enter a decree for the libelant for its damages—to be ascertained in the usual way—and costs.