THE SENECA.

(Circuit Court of Appeals, Second Circuit. June 15, 1909.)

No. 270.

SHIPPING (§ 116*)—SUIT FOR SHORT DELIVERY OF CARGO—BURDEN OF PROOF.
    Where through bills of lading for boxes of bristles recited that the weight and quantity were unknown, the burden rests upon the shipper to show their weight, when received, in order to hold the last carrier liable for a claimed short weight in the quantity delivered.

    [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 435; Dec. Dig. § 116.*]

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 163 Fed. 591.

J. Parker Kirlin and John M. Woolsey, for appellant.

William M. Beard, Walter P. Paret, and James T. Kilbreth, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. This action—likewise for the loss of bristles— is, with respect to the burden of proof, the converse of that of The Ghazee (decided at this time) 172 Fed. 368. In that case it was stipulated that more bristles were delivered to the first carrier than were delivered to the consignee, and it was held, under the last carrier rule, that the burden was upon the ship to show that it delivered them in the condition in which they were received. In this case there was

no such stipulation, and the burden was upon the libelant to show that the bristles which were abstracted were delivered to the ship.

This burden of showing delivery to the ship we think was not sustained by the libelant. There was no positive testimony that the boxes were full of bristles when delivered on board the ship. The libelant's whole case depended upon showing the weights; and yet the bill of lading contained no notation of weight and recited that weight, quality, quantity, contents, and value were unknown. The boxes were not in fact weighed after they were placed on board the ship, and it does not appear that they were weighed before. No evidence of negligence in the care or custody of the cargo during the voyage was offered by the libelants. That which was offered came from the ship and tended to show that the boxes were not broached during the voyage.

All the evidence of the weight of the 50 cases relied upon by the libelants was a receipt or boat note signed by the mate of the ship after the issuance of the bill of lading containing a notation "Pls 50," coupled with testimony that such notation meant "50 piculs"; a picul being a Chinese weight of 133⅓ pounds. But while this receipt was admissible in evidence against the vessel, it was subject to explanation. We are satisfied that the mate who signed it did not understand the meaning of the obscure notation of a foreign weight. He knew that the boxes had not in fact been weighed, and we think it clear that there was no intention upon his part in signing the boat note to vary the recital of the bill of lading that the weights were unknown. Even to a person understanding the meaning of the phrase, the notation would seem to be a rough estimate, rather than an accurate statement of weights. In our opinion the notation, under the circumstances, was insufficient either to show the weight of the boxes or to shift to the ship the burden of proving its inaccuracy. No principle of estoppel operated against her.

We think that the libelants failed to show that the bristles which were abstracted were ever delivered on board the Seneca and, consequently, that the libel should have been dismissed.

The decree of the District Court is reversed, with costs, and the case remanded, with instructions to dismiss the libel, with costs.