[No. 7,569.—Department One.]

## W. C. HENDRICKS *v.* SPRING VALLEY MINING AND IRRIGATION COMPANY.

LATERAL SUPPORT—MINING CLAIM—DAMAGES.—The plaintiff and defendant being the owners of adjoining mining claims, of the kind known as "deep diggings," and which are worked by the hydraulic process—the latter in mining its own ground washed away the gravel, so that the bank caved, and a portion of the plaintiff's claim fell upon the ground of the defendant, and was washed away and the gold extracted by it; but the value of the gold extracted was much less than the necessary cost of extracting it.

*Held* (in an action for damages): The doctrine of lateral support does not ap·
ply to cases like the present, where the very purpose of locating the
ground, both on the part of the plaintiff and the defendant, was to tear
it down and wash it away, and therefore the defendant was not liable.

The defendant would be liable for the amount of gold taken from the gravel
that fell from the plaintiff's claim, but for the fact that its value was less
than the necessary cost of extracting it.

APPEAL from a judgment for the defendant and an order
denying a new trial in the Superior Court of Butte County.
HUNDLEY, J.

This is an action to recover damages for trespass upon the
lands of the plaintiff, and to obtain an injunction against
future trespass.

*Jo Hamilton* and *Gray & Gale*, for Appellant.

The following are some of the more important cases in
which the rule providing for lateral support, is either asserted
or assumed to be the law: *Humphreys* v. *Brogden*, 12 Q. B.
738; *Rowbotham* v. *Wilson*, 8 E. & B. 123; S. C., E. C. L., 92;
*Brown* v. *Robins*, 4 H. & N. 185; *Stroyan* v. *Knowles*, 6 id.
454; *Farrand* v. *Marshall*, 19 Barb. 380; *Foley* v. *Wyeth*, 2
Allen, 131; *McGuire* v. *Grant*, 25 N. J. L. R., 356; *Clark*
v. *Willett*, 35 Cal. 534; *Coleman* v. *Chadwick*, 80 Pa. St. 81;
*Gregory* v. *Nelson*, 41 Cal. 278.

*Belcher & Belcher*, for Respondent.

The miner who selects a piece of ground to work must take
it as he finds it, subject to prior rights which have an equal
equity. (*Irwin* v. *Phillips*, 5 Cal. 147; *Logan* v. *Driscoll*, 19
id. 625; *Stone* v. *Bumpus*, 46 id. 218.)

The rule of lateral support invoked by the plaintiff has no
application to cases like this. The general rule that a party
in possession of the surface of land is entitled to the lateral
support which the adjacent soil affords, was adopted and has
been used for the protection of land which is held and cher-
ished by the owner for *itself*, and not merely put to use for
an ulterior object. The ground in question here is mining
ground. It was taken up for mining purposes. Its only
value is found in the gold it contains. It was located that it
might be torn down and washed away. If the rule of lateral

support should be applied to mining claims, adjacent claims, made up of deep banks of earth, could never be worked out, for neither owner could work to the line without causing the other's claim to cave. If applied here it must effectually prevent the ground being mined by either party. The true rule, when applied to the working of mining claims, is found in *Esmond* v. *Chew*, 15 Cal. 143, and *Clark* v. *Willett*, 35 id. 549.

Ross, J.:

Plaintiff and defendant owned adjoining mining claims. Which was the prior location does not appear. The claims were what are known as "deep diggings," and such as are worked by the hydraulic process. In mining its own ground the defendant washed away the gravel to a point distant, in one place, seventy feet, and at other places from one hundred to one hundred and fifty feet from the plaintiff's claim. At these points the bank was deep, and the result was that it caved; and in doing so, a portion of the surface of the plaintiff's claim gave way and fell on the ground of the defendant. This portion contained a small amount of gold-bearing gravel, a part of which the defendant washed away, but the value of the gold extracted therefrom was much less than the necessary cost of extracting it.

Some time after the defendant ceased to work its ground near the plaintiff's line, large portions of the surface of the plaintiff's claim caved and fell upon the adjoining ground of the defendant, where it still remains. All of the caving was caused by the mining done by the defendant, but it is not claimed that the defendant's work was performed in a careless or improper manner. The question in the case is, whether the doctrine of lateral support applies to cases like the present. We think not. The very purpose of locating the ground, both on the part of the plaintiff and the defendant, was to tear it down and wash it away. Its only value consisted in the gold it contained. To apply the doctrine contended for by the appellant to ground of this character, would, therefore, to a great extent defeat the very purpose for which it was located.

Defendant would be liable for the amount of gold taken

from the gravel that fell from the plaintiff's claim, but for the fact that its value was less than the necessary cost of extracting it. (*Maye* v. *Tappan,* 23 Cal. 306; *Goller* v. *Fett,* 30 id. 481.)

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.