## CONSUMERS GAS TRUST COMPANY v. CRYSTAL WINDOW GLASS COMPANY ET AL.

[No. 20,231.   Filed March 17, 1904.   Rehearing denied June 24, 1904.]

INJUNCTION.—*Threatened Injury.*—*Gas and Oil Lease.*—Where a complaint for injunction shows that plaintiff has leased real estate for oil and gas purposes; that as the consideration therefor it agreed to furnish gas to the lessor and pay a certain sum annually until gas or oil is found or the lease otherwise terminated; that plaintiff has furnished such gas and paid said amounts, and that defendant lessor, without notice, refuses longer to receive such sum or use such gas, but has contracted with defendant company to give it the exclusive right to bore for gas and oil; that defendant company is placing its machinery preparatory to boring, and both defendants denying plaintiff's title, such complaint states a good cause for injunction.   *pp. 191–193.*

LANDLORD AND TENANT.—*Gas and Oil Lease.*—*Forfeiture.*—Where a landlord leases the gas and oil privileges in his lands, agreeing as a consideration to receive gas for his own use and a certain sum annually until gas or oil is found in paying quantities or said lease terminated otherwise by its terms, and the tenant furnishes such gas and pays said sums annually, such landlord can not, without reasonable notice to such tenant, refuse longer to receive such gas and money and declare a forfeiture.   *Consumers Gas Trust Co.* v. *Littler,* 162 Ind. 320, followed.   *p. 193.*

From Madison Circuit Court; *J. F. McClure,* Judge.

Action by the Consumers Gas Trust Company against the Crystal Window Glass Company and others for an injunction. Decree for defendants. Transferred from

the Appellate Court under §1337u Burns 1901. *Reversed.*

W. H. H. *Miller*, J. B. *Elam*, J. W. *Fesler*, S. D. *Miller* and J. W. *Lovett*, for appellant.

C. K. *Bagot*, Thomas *Bagot*, J. S. *Dailey*, Abram *Simmons* and F. C. *Dailey*, for appellees.

DOWLING, J.—This is a suit by the appellant against the appellees, the Crystal Window Glass Company and Jones and wife, for an injunction to prevent the Crystal Window Glass Company from entering upon the lands described in the complaint and sinking gas-wells and conveying the gas therefrom. Issues were formed, and there was a finding and judgment for the appellees.

The error assigned is the refusal of the court to grant a new trial upon the motion of the appellant.

The complaint was in two paragraphs, which were substantially alike, the first referring to the southwest quarter of the northeast quarter of section twenty-one, township twenty-two, range eight east, containing forty acres; and the second to another forty-acre tract adjoining that first described. The material facts alleged in the complaint were that on April 27, 1899, the appellant was a corporation organized under the laws of this State for the purpose of leasing lands, acquiring the right to drill for natural gas, transporting such gas to Indianapolis, and selling the same at that city; that Jones was the owner of the lands mentioned in the complaint, and that on said day he and his wife entered into a contract in writing with the appellant, whereby they conveyed to appellant the exclusive right to drill for gas and petroleum upon said southwest quarter of the northeast quarter of said section twenty-one, and to transport the same therefrom, together with certain other rights and privileges necessary to the full enjoyment of the said agreement; that at the time the said contract was made, and as a part of the same transaction, Jones and wife executed another lease upon the other forty acres of the farm owned by

him, on which he had a dwelling-house and residence, which was occupied by him and his wife; that while appellant has not completed any well upon said forty-acre tract first described, yet it was a part of the consideration of the said contracts that the appellant should pay to the said Jones and. wife the rents reserved in the said leases, and that it should also furnish to them gas for domestic purposes at their said residence free of cost, and upon their demand; that the appellant, with the consent of Jones and wife, had put down a line of pipe on their land on the highway on the east side of said tract; that appellant tapped its said pipe-line and connected a service-pipe therewith for the use of said Jones and wife, and on December 21, 1901, began to furnish gas to Jones and wife for use in their said residence, and ever since has been and still is furnishing the same, and that Jones and wife are still accepting and using said gas under said contract; that appellant paid, and that Jones and his wife received, the rents under the contract for each year prior to and including the year ending April 27, 1902, and that it duly tendered in advance the rent for said land for the year ending April 27, 1903, and still offers to pay the same; that Jones and his wife refused to receive the money tendered as rent for the year 1903, and have wrongfully sought to repudiate their said contract, and are combining and conspiring with the appellee the Crystal Window Glass Company to deprive appellant of its rights under said lease and agreement; that on April 30, 1902, the appellees Jones and wife made a pretended contract with the said Crystal Window Glass Company whereby they attempted to grant, and said company to obtain, the exclusive right to drill wells for gas and oil, and lay pipe-lines for the transportation of the same upon the lands described in the complaint; that the appellant has performed all the duties and obligations imposed upon it by said lease, and that the same is in full force; that the appellees have entered into an agreement, the particulars of which are unknown to appellant, and that

the Crystal Window Glass Company has entered upon said real estate and erected a derrick there preparatory to drilling a well and operating for petroleum and gas; that they threaten to and have commenced drilling such well, and that they threaten to lay pipes upon said lands for the transportation of gas and oil, if any are found, and completely to oust the appellant from said real estate, and to deprive it of all its rights under said lease and agreement; that an emergency exists requiring the issue of a temporary injunction without notice. Prayer for a temporary order, and on the final hearing for a permanent injunction.

The contract executed by Jones and wife and the appellant, referred to in the complaint, is substantially the same as the lease and agreement in *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind. 320, and the evidence in this case is very much the same as in that. On the authority of that case, and for the reasons there stated, we hold that the appellees Jones and Jones could not terminate the contract abruptly without notice to the appellant by a refusal to accept the rent, or compensation provided for by the contract. Such refusal to accept the rent can be construed only as an indication that the owners of the land objected to further delay on the part of the appellant in beginning operations under the contract, and that it must proceed to drill for gas or oil within a reasonable time after such refusal.

Judgment reversed, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent herewith.