IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1905, AND NOVEMBER TERM, 1905, IN THE EIGHTY-NINTH AND NINETIETH YEARS OF THE STATE.

---

## LOGANSPORT & WABASH VALLEY GAS COMPANY v. SEEGAR.

. [No. 20,592. Filed May 23, 1905.]

1. LANDLORD AND TENANT.—*Gas and Oil Lease.*—*Forfeiture.*— Where the lessee agreed to sink a gas or oil well within three months or pay an agreed sum annually until one should. be sunk, and he failed to sink such well, and in lieu thereof paid the agreed annual rental until the landlord refused longer to receive it, giving as a reason that such lessee was not developing the property and notifying it that she desired a cancelation of the lease, a failure for several months afterward to develop such property is a good ground for the forfeiture of such lease. p. 3.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Lydia Seegar against the Logansport & Wabash Valley Gas Company. From a decree for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Brownlee & Browne* and *Blacklidge, Shirley & Wolf,* for appellant.

*Roscoe A. Heavilin, Joseph L. Custer* and *O. L. Cline,* for appellee.

JORDAN, J.—Complaint by appellee in the ordinary statutory form to quiet her title to sixty acres of land situated in Grant county, Indiana. Appellant answered the

complaint by a general denial. Trial by the court, finding in favor of appellee, and over appellant's motion for a new trial, assigning therefor the statutory grounds, judgment was rendered quieting appellee's title in and to the premises as against all claims and rights asserted by appellant.

The only error relied upon for reversal is the ruling of the court in denying the motion for a new trial.

Appellant's counsel insist that the evidence is not sufficient to sustain the judgment. On the trial it was agreed that appellee was the owner in fee simple of the lands in controversy, and that appellant based its right and interest in and to the premises upon the contract or lease hereinafter set out. No evidence was introduced to rebut that given in behalf of appellee. The contract or lease in controversy was executed by appellee and her husband on January 10, 1899, to Neely, Clover & Howe, and recorded in the recorder's office of Grant county, and was by the lessees assigned on March 19, 1900, to appellant.

This lease was introduced in evidence, and, omitting the formal parts and other provisions thereof not material to the question presented, is as follows: "In consideration of the sum of $1 and the covenants and agreements hereinafter contained, Jasper N. Seegar and Lydia Seegar (man and wife), first party, hereby grant and convey unto Neely, Clover & Howe of Wabash, Indiana, second party, heirs or assigns, all the oil and gas in and under the following described premises, together with the exclusive right to enter thereon at all times for the purpose of drilling or operating for oil, gas or water, to erect, maintain and remove all buildings, structures, pipes, pipe-lines and machinery necessary for the production, storage and transportation of oil, gas or water, providing that the first party shall have the right to use said premises for farming purposes (except such part as is actually occupied by second party), namely, a lot of land situated in the township of Pleasant, county of Grant, in the State of Indiana, and described as follows:

Sixty acres.    *    *    *    The above grant is made upon the following terms:   Second party agrees to drill a well upon said premises within three months from this date, or thereafter pay the first party for further delay a yearly rental of $30, until said well is drilled; such rentals when due shall be deposited in Marion Bank, at Marion, Grant county, State of Indiana.   Should second party refuse to make such deposits, or pay to first party on these premises, or at present residence of first party, the said rental when due, as aforesaid, such refusal shall be construed by both parties hereto as the act of second party for the purpose of surrendering the rights hereby granted, and this instrument, in default of the rental payments, shall be null and void without further notice from second party."   The lease further provides that the first party shall be furnished free gas by the second party from the well or wells to light and heat the dwellings on the premises.   The second party, when requested by the first party, shall bury all oil and gas lines, pay all damages to growing crops, timber, fencing, etc.   It is further provided that no well shall be drilled nearer than 800 feet from the buildings on the premises, without the consent of the first party, and no well is to occupy more than one-half acre.   All additional taxes arising from the increased valuation on each one-half acre drilled, which may be caused by said operations thereon, shall be paid by the second party.   The second party may at any time reconvey the grant, and thereupon the instrument shall be null and void.   All gas-wells are to be located by mutual agreement.

The evidence discloses that neither appellant nor its assignor took possession of the lands in question, and no wells were drilled thereon, and no attempt whatever was made to explore for gas or oil, prior to the commencement of this action.   It will be observed that the lease provided that a well should be drilled within three months from the date thereof, which was January 10,

1899.    Under the terms of the instrument the second party was obligated, upon failure to drill a well within the prescribed period, to pay thereafter to the first party (appellee) a yearly rental of $30, until such well was drilled.

The parol evidence in the case established the following facts:    No well having been drilled within the three months immediately following the execution of the lease, appellant, as a compensation to appellee for its default in not exploring or developing the premises for one year after the expiration of the three months, paid, on April 10, 1900, the rental then due for the preceding year.    The rent for the second year was paid on April 10, 1901, directly to appellee by appellant's agent.    At that time she asked this agent to cancel the lease, for the reason that appellant was not developing her lands, and therefore, under the circumstances, she believed she was not receiving enough rent. The agent stated to her that the company would not cancel the lease, but would proceed to develop the land as soon as it could.    At the same time he "verbally" promised appellee that in the future the rent would be paid in advance on July 1 of each year, the first advance payment to be made on July 1, 1901.    Consequently, in pursuance of this agreement, an amount of rent equal to that which would accrue between April 10, 1901, and July 1 of that year, was paid to appellee, which, together with the amount paid to April 10, liquidated the rent in full for the year immediately preceding July 1, 1901; all of which rent was accepted by appellee.    No rental accruing after July 1, 1901, was paid in advance by appellant.    The last rental received and accepted by appellee was that which was paid to July 1, 1901.

In 1902 appellant did not deposit the rental due for the preceding year in the bank designated by the lease, but at some time in that year—the particular month or date not being shown, but after the previous year's rent was past due —it offered to pay the same to appellee's husband, who was

acting as her agent in the matter.   He, on her behalf, re-
fused to receive or accept this rental.   After this refusal
by her through her said agent, appellant continued there-
after until the commencement of this action, September 23,
1903, to remain inactive, and wholly failed to drill any
well, or in any manner to explore or develop the premises
in question, and also continued to fail to supply appellee
with gas to light and heat the dwellings situated on said
premises.

Under the provisions of the lease in question, and the
other facts established by the evidence, this appeal must be
ruled by the doctrine affirmed by this court in the appeals
of *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind.
320; *Consumers Gas Trust Co.* v. *Crystal Window Glass
Co.* (1904), 163 Ind. 190; *Consumers Gas Trust Co.* v.
*Worth* (1904), 163 Ind. 141; *La Fayette Gas Co.* v. *Kelsay*
(1905), 164 Ind. 563; *Gadbury* v. *Ohio, etc., Gas Co.*
(1904), 162 Ind. 9, 62 L. R. A. 895.   See, also, *Island Coal
Co.* v. *Combs* (1899), 153 Ind. 379.

It will be noted that under the provisions of the lease
the lessee was required to drill a well on the leased premises
within three months from date of the execution of said
instrument (January 10, 1899).   It is stipulated that for
the delay in drilling a well after the expiration of the pre-
scribed time the lessee is to pay to the lessor (appellee
herein) "a yearly rental of $30, until said well is drilled."
On April 10, 1901, when she accepted the rental to the 1st
of July of that year, upon her complaint to the agent of
appellant to the effect that by reason of its delay in develop-
ing the lands the rental which it was paying was not suf-
ficient, she was assured by the agent that the company
would proceed to develop the premises as soon as it could do
so.   It made no effort, however, thereafter to fulfil this
assurance.

To recapitulate:   Aside from the verbal promise to pay
the rent in advance, we have the following established facts:

Appellant, under the provisions of the lease, compensated appellee for its delay in developing the premises by paying the stipulated yearly rental to July 1, 1901, which she accepted.    It does not appear that she then nor at any other time thereafter, prior to her refusal, as shown, to accept the rent offered by appellant in 1902, notified or warned it that she would decline in the future to accept rental for further delay in developing the lands.    Under such circumstances appellant company was justified in remaining inactive during the year which expired on June 30, 1902, provided it paid or tendered the rental for said year when the same fell due.    In their argument counsel contend that appellee has failed to show that appellant has not at all times made a tender of the rent when due.    If it relied upon any tender of rentals which it had made, the burden rested upon it to prove such fact.    21 Ency. Pl. and Pr., 569.

It is not a question of tender, however, with which we have to deal in the determination of this appeal.    It is disclosed that appellant, some time in the year 1902, after the rental for the preceding year was past due, offered to pay the same to appellee's agent, but he, on her behalf, refused or declined to receive or accept the money.    Such refusal on her part, through her agent, was, under the holding of this court in *Consumers Gas Trust Co.* v. *Littler, supra; Consumers Gas Trust Co.* v. *Crystal Window Glass Co., supra; Consumers Gas Trust Co.* v. *Worth, supra,* and *La Fayette Gas Co.* v. *Kelsay, supra,* the equivalent of notice by appellee to appellant that she objected to any further delay in its beginning to explore or develop her land, and thereafter, under the implied obligation of the contract or lease, and the law applicable thereto, it was required to proceed within a reasonable time to sink or drill a well on the premises in question.    Instead of complying with this requirement, it continued to remain inactive, and prolonged its delay in developing the lands until September 23, 1903, when this action was commenced.    Such

delay or failure after the refusal of appellee in 1902 to receive the rental was certainly unreasonable, and in the absence of appellant's showing any sufficient excuse therefor, appellee was justified in commencing this action. It follows, therefore, that the judgment of the trial court must be sustained.

Judgment affirmed.