## CITY OF HUNTINGTON *v.* STEMEN.

[No. 5,561. Filed April 3, 1906.]

1. PLEADING.—*Cross-Complaint.—When Treated as Original.— Appeal and Error.*—Where the parties at the trial treat a cross-complaint as the original complaint, it will be so considered on appeal. p. 554.

2. ACTION. — *Misjoinder. — Quieting Title. — Nuisance.* — A demurrer for misjoinder of causes should be sustained where one paragraph of a complaint is for quieting title and another is for damages caused by a nuisance, but error in overruling same is by statute not reversible (§344 Burns 1901, §341 R. S. 1881). p. 554.

3. EVIDENCE.—*Nuisance.—Sewers.—Damages for Construction of.*—In an action for damages on account of the maintenance of a nuisance by a city, it is not competent to admit evidence of damages caused by the construction of a sewer across plaintiff's lot, such damages being recoverable only in the proceeding for the construction of such sewer. p. 555.

4. NUISANCE.—*Damages.—How Proved.*—A complaint for damages for the destruction of property by a nuisance is proved by evidence showing the depreciation in value of such property because of such nuisance. p. 556.

5. EVIDENCE.—*Nuisance.—Damages.—Opinions.*—In an action for damages for the maintenance of a nuisance by a city, the question "What was the damage sustained by reason of that sewer?" was incompetent because of including damages not properly included in the action and also because of eliciting a mere opinion and not a fact. p. 556.

6. NEW TRIAL.—*Nuisance.*—*Damages.*—*Evidence.*—In an action for damages for the maintenance of a nuisance, where there is no legal evidence upon which to base a verdict for plaintiff, a new trial should be granted.   p. 556.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Suit by Samuel A. Stemen against the City of Huntington.   From a decree for plaintiff, defendant appeals.   *Reversed.*

*W. A. Branyan,* for appellant.

*T. G. Smith* and *A. G. Johnson,* for appellee.

ROBINSON, J.—The transcript in this appeal begins with the filing by appellee of what is called a cross-complaint. It seems that this cross-complaint was treated by the court and by the parties, in forming the issues and upon the trial, as an original complaint, and it will be so considered on this appeal.

The pleading is in two paragraphs.   One is to quiet title, and the other seeks damages for maintaining a nuisance. The demurrer for misjoinder of causes of action should have been sustained, and the causes docketed as two separate actions, as provided by §343 Burns 1901, §340 R. S. 1881.   Overruling the demurrer was error, but it is provided by §344 Burns 1901, §341 R. S. 1881, that "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." *Armstrong* v. *Dunn* (1896), 143 Ind. 433; *File* v. *Springel* (1892), 132 Ind. 312; *Crum* v. *Yundt* (1895), 12 Ind. App. 308; *Fitzmaurice* v. *Puterbaugh* (1897), 17 Ind. App. 318.

The court instructed the jury that no question was presented for their determination under the first paragraph of complaint, and the jury returned a verdict in appellant's favor on that paragraph.

The second paragraph avers in substance that in 1901 appellant unlawfully and without leave entered upon a

certain lot of which appellee was and is the owner and in possession, and by excavations and fills constructed thereon a deep ditch or basin, and so constructed the same as to destroy and undermine the part upon which foundation walls could or should be erected and thereby made it impossible properly to erect such walls, and left it in such condition as to create a reservoir or pool into which the city causes to be emptied large quantities of foul, putrid and offensive matter, which remains in such reservoir or pool on or about the premises, and from which arises loud, noisome and noxious odors in, upon and about the property, rendering the same unhealthful and undesirable "for the purposes for which appellant [plaintiff] desires to use the same, or for any purpose, to the injury of said premises in the sum of $500, whereby plaintiff is injured in the sum of $500, for which he demands judgment, and for all other proper relief."

It appears from the evidence that, beginning in 1899, appellant constructed a sewer and assessed benefits and damages to certain property, among which was the property of appellee. All of the proceedings of the council leading up to and including the assessments were introduced in evidence. It also appears that a precept was issued, as provided in §3628 Burns 1901, §3165 R. S. 1881, and an appeal taken by appellee, which was afterwards dismissed. Evidence was introduced, over objection, to show that appellee's property was damaged by reason of the construction of the sewer across the property, that the sewer would interfere with building foundations, the effect on walls built over the sewer; the manner in which an adjacent building must be built because of the sewer, and other like matters. These matters were not competent evidence in this action, and in an instruction the court took them from the consideration of the jury and gave an instruction to the effect that in determining appellee's

damage, if any, they could give such damages only as the evidence showed resulted from the manner in which appellant was maintaining the sewer with the pool or reservoir gathering the sewage from which arose the offensive odors.

But there is no evidence in the record from which the jury could legally determine these damages. If the appellee is entitled to any damages under the second paragraph of the complaint, it is because of the depreciation in value of the property, which it is averred has been rendered unfit for any purpose. One witness, after testifying that the buildings were damaged in the construction of the sewer, the manner in which additional buildings on the lot must be constructed on account of the location of the sewer across the lot, and the offensive odors arising from the pool or reservoir in the sewer, was asked, over objection, the following question: "What was the damage sustained by reason of that sewer?" and answered: "I would put the damage at $1,000." This was clearly incompetent, not only as to the manner of proving the damages, but also as taking into consideration certain matters not relevant to any issue in the case.

If appellee was aggrieved in the assessment of benefits and damages growing out of the original construction of the sewer, the statute provides a remedy. He can not litigate those matters in this action. So far as the introduction of the evidence was concerned the case seems to have been tried upon the theory that all injuries resulting to appellee's property, not only from the construction of the sewer but also from the manner in which it was subsequently maintained, might be taken into consideration in determining the damages. It is true an instruction to the jury limited the injuries to the property for which damages could be had, but there is no legal evidence in the record from which these damages may be determined.

Judgment reversed, with instructions to grant a new trial, and leave to amend the complaint if requested.