KAHLE ET AL. v. THE CROWN OIL COMPANY.

[No. 21,753. Filed January 30, 1913. Rehearing denied
June 27, 1913.]

1. MINES AND MINERALS.—*Oil and Gas Leases.—Quieting Title to
Rights Under Lease.—Cross-Complaint.—Sufficiency.*—In an
action to quiet title and to terminate an oil and gas lease, a
cross-complaint by defendant alleging that by virtue of a lease
from plantiff it was the owner of the oil and gas under the
lands involved, and of the exclusive right to enter for the pur-
pose of drilling for oil, etc., that plaintiff, claiming to be the
owner in fee simple of the land and the oil thereunder, had pre-
tended to grant to cross-defendants the oil rights in and to said
lands and that cross-defendants claim by virtue of such pre-
tended grant, that the claims of plaintiff and cross-defendants
are adverse to the rights of cross-complainants, are without
right and unfounded and cast a cloud upon its title, that cross-
defendants were engaged in and had already wrongfully re-
moved great quantities of oil, and unless enjoined, would remove
all of it, thereby destroying cross-complainant's rights and
working irreparable injury to it, for which no adequate com-
pensation could be made, and asking for damages, for possession,
that its title be quieted and for injunctive relief, sufficiently
stated a cause of action. p. 137.

2. PLEADING.—*Complaint.—Construction on Demurrer.*—A com-
plaint will be deemed sufficient as against a demurrer if the
necessary allegations can be fairly gathered from all the aver-
ments, even though stated illogically and by way of argument,
and all facts that can be reasonably implied from the allega-
tions made will be deemed stated and given the same force as
if directly stated. p. 138.

3. PLEADING.—*Construction.*—Pleadings must be considered in
their general scope and as an entirety, and will be liberally con-
strued in order to promote justice between the parties. p. 138.

4. APPEAL.—*Review.—Ruling on Demurrer.—Misjoinder of Causes.*
—Under §346 Burns 1908, §341 R. S. 1881, a review of a judg-
ment expressly overruling a demurrer for misjoinder of causes
of action is expressly prohibited. p. 138.

5. PLEADING.— *Cross-Complaint.— Striking Out.— Amendment.—
Process.—Jurisdiction.*—Where, after its cross-complaint had
been stricken out on motion, the cross-complainant by leave of
court filed an amended cross-complaint, it was not essential
that cross-defendants be again served with summons in order
to confer jurisdiction over them. p. 139.

6. PLEADING.—*Cross-Complaint.*—*Actions Arising Out of Same Subject-Matter.*—Where the complaint in an action sought to quiet title against defendant and to cancel certain oil and gas leases, a cross-complaint by defendant, based upon and seeking to enforce certain rights of ownership and privileges granted to it by plaintiff by virtue of such oil and gas leases, was germane to the action within the meaning of §355 Burns 1908, §350 R. S. 1881, defining counterclaims. p. 140.

7. APPEAL.—*Law of the Case.*—Where, on appeal to the Appellate Court from a judgment for plaintiff quieting his title and cancelling certain oil leases held by defendant, that court determined that the leases were valid and reversed the judgment, and thereafter persons claiming under subsequent leases were made parties to the defendant's cross-complaint seeking to enforce its rights under its leases, the decision of the Appellate Court as to the validity of defendant's leases is the law of the case on appeal to the Supreme Court by the plaintiff and cross-defendants from a judgment quieting defendant's title under such leases. p. 141.

8. MINES AND MINERALS.—*Oil and Gas Leases.*—*Subsequent Leases.*—*Invalidity.*—Where valid oil and gas leases covering certain lands, and granting the exclusive right to enter for the purpose of drilling, etc., were in full force and effect, subsequent oil and gas leases on the same land by the owner were void as against the first lessee. p. 142.

9. MINES AND MINERALS.—*Oil and Gas Leases.*—*Subsequent Leases.*—*Relief.*—*Injunction.*—One who owns prior valid oil and gas leases covering certain land may have his interest in the title to the oil and gas under such land quieted as against the owner of the land and the lessees under subsequent oil and gas leases executed by such owner, and have them enjoined from interfering with his rights to enter on the land and remove the oil. p. 142.

10. NEW TRIAL.—*New Trial as of Right.*—A new trial as of right can be granted only as to the whole case. p. 143.

11. NEW TRIAL.—*New Trial as of Right.*—When a cause proceeds to judgment, which embraces a substantive cause of action in which a new trial as a matter of right is not allowable, although it also embraces other causes in which a new trial as of right is allowable, a new trial as of right cannot be had. p. 143.

12. TRESPASS.—*Good Faith.*—*Question of Law or Fact.*—Whether a trespasser was in good faith is a question of fact that must be proved like any other fact, and is never a conclusion of law. p. 144.

13. MINES AND MINERALS.—*Wilful Trespass.*—*Acts Constituting.*—Where plaintiff, after judgment in his favor cancelling certain

oil and gas leases, but before the time for appeal had expired, executed other oil and gas leases to persons having knowledge of the litigation, but without knowledge as to whether the defendant intended to appeal, the act of such subsequent lessees in entering and removing the oil did not constitute such a wanton disregard of the defendant's rights as to make them wilful trespassers, so that conclusions of law stating defendant's measure of damages as against wilful trespassers were erroneous. p. 144.

14. TRESPASS.—*Wilful Trespass.—Complaint.*—To recover for a wilful wrong or trespass it is necessary for the complaint to allege a wilful and wanton disregard of the rights of the complaining party. p. 146.

15. MINES AND MINERALS.—*Ownership.—Petroleum.—"Land."*—Petroleum in and under the surface of the earth, and not reduced to the actual possession of any person, constitutes a part of the land, and belongs to the owner thereof who has the right to reduce the mineral to possession, or grant the privilege of doing so to other persons. p. 146.

16. TRESPASS.—*Mines and Minerals.—Measure of Damages.*—One who wilfully and intentionally takes ore, timbers, or other property from the land of another must respond in damages for the full value of the property taken, at the time of the conversion, without any deduction for the labor bestowed or expense incurred in removing and preparing it for the market; but if he commits the wrongful act unintentionally, or by mistake, or in the honest belief that he is acting within his legal rights, the recovery against him must be limited to the value of the property taken, less what it costs to produce it. p. 146.

17. TRESPASS.—*Intent.*—The test to determine whether one is a wilful or mistaken trespasser is his belief and intention at the time he committed the trespass. p. 148.

From Howard Superior Court; *Lex J. Kirkpatrick*, Judge.

Action by William M. Ward and another against The Crown Oil Company in which the latter filed a cross-complaint against the plaintiffs and John W. Kahle and others. From a judgment for defendant on its cross-complaint, the cross-defendants, John W. Kahle and others, appeal. *Reversed.*

*Abram Simmons* and *Frank C. Daily*, for appellants.

*Conrad Wolf, Robert W. McBride* and *Caleb S. Denny*, for appellee.

SPENCER, J.—Action by appellee by an amended third paragraph of cross-complaint asking that its title to certain lands by virtue of oil and gas leases be quieted, damages for oil wrongfully converted, injunction restraining appellants from further appropriating said oil, and for a receiver *pendente lite*. Upon overruling appellants' separate and joint motions to strike out and dismiss said amended third paragraph of cross-complaint and demurrers thereto, trial was had by the court rendering special findings of facts and conclusions of law thereon in favor of appellee, and overruling appellants' motion for a new trial. Judgment for appellee. The separate and joint assignments of error all in substance are resolvable into the following propositions, (1) the third paragraph of amended cross-complaint does not state a cause of action, that the court erred, (2) in sustaining appellee's demurrer to appellants' plea in abatement, (3) in overruling appellants' motion to strike out and dismiss appellee's amended third paragraph of cross-complaint, (4) in its conclusions of law, and (5) in overruling appellants' motion for a new trial.

The court found the following material facts in its special finding: William M. and Francis A. Ward owned certain tracts of land in Grant County, Indiana; that on April 10, 1899, they executed and delivered an oil and gas lease which was recorded in the records of the Recorder's office of Grant County, Indiana, conveying "all the oil and gas in and under their lands together with the exclusive right to enter thereon at all times for the purpose of drilling, or operating for oil, gas or water, to erect, maintain and remove all buildings, structures, pipe lines and machinery necessary for the production, storage and transportation of oil, gas or water, for operating purposes free of expense. * * * Second party agrees to drill a well upon said premises within two (2) months from this date, or thereafter pay in advance to the first party for further delay a quarterly rental of Twenty ($20) Dollars, until said well is drilled. Such rentals,

when due, shall be deposited in the Marion Bank, of Marion, Grant County, Indiana. Should second party refuse to make such deposits, or pay to first party on these premises, or at present residence of first party, the said rental when due as aforesaid, such refusal shall be construed by both parties hereto as the act of second party for the purpose of surrendering the rights hereby granted, and this instrument, in default of payment, shall be null and void without further notice from second party. Should oil be found in paying quantities on these premises second party agrees to deliver to first party, in the pipe line with which he may connect the well or wells, one-eighth ($\frac{1}{8}$) part of all oil produced and saved from the premises."

Appellee came into possession of said lease on June 26, 1901, and assumed all the conditions thereof. All the payments as provided were made by the assignors of appellee at the specified times at the Marion Bank, of Marion, Indiana, including the payment due March 10, 1901, for the quarter ending June 10, 1901. Prior to June 10, 1901, said Wards notified the cashier of the Marion Bank, that further payments on said lease would not be accepted, and that they declared said lease terminated on June 10, 1901. There was deposited a check for Twenty Dollars for the use of the said Wards on said leases June 8, 1901, in said bank, for the quarter beginning June 10, 1901, which said Wards refused to accept. On June 11, 1901, Wards brought an action in the Grant Circuit Court against the lessees to quiet title to said real estate, to terminate said lease, and all rights and privileges granted thereby. On January 24, 1902, judgment was rendered quieting the title in said Wards and canceling said leases. Appellee appealed and the Appellate Court reversed said judgment January 4, 1905. *Crown Oil Co.* v. *Ward* (1905), 34 Ind. App. 701.

On March 14, 1902, said Wards executed oil and gas leases to appellants, Kahle Bros. & Gray, on the same lands. Kahle Bros. & Gray, took immediate possession of said real

estate by virtue thereof with full knowledge of the litigation and the disputed title, claimed by appellee, and knowledge of the time given appellee to appeal from the judgment of the lower court, drilled nine wells thereon and excluded appellee from possession. On April 19, 1902, before appellants began operation on said lands, appellee demanded of the Wards, privilege to enter upon their lands and drill for oil in accordance with the provisions of its lease, which demand was refused. The Indiana Pipe Line Company was notified by appellee, April 21, 1902, that appellee was the owner of the oil produced by Kahle Bros. & Gray, from the Wards' land, which would be transported by them. The Indiana Pipe Line Company acknowledged receipt of said notice, but received and transported oil taken from the Wards' lands to the amount of 27,083.27 barrels, of the value of $27,457.23.

The third paragraph of amended cross-complaint alleges that the appellee has been, since the beginning of this action, the owner of all oil and gas in and under the lands owned by the Wards, specifically describing two tracts of land, by virtue of oil and gas leases set out in the Wards' amended complaint; that appellee is and was during all of said times by virtue of the leases above referred to ''the owner of the exclusive right to enter upon said lands at all times, for the purpose of drilling or operating for oil, and to erect and maintain thereon and to remove therefrom, all buildings, structures, pipes, pipe lines, and machinery for the production, storage and preserving of oil. That the plaintiffs in this action claim to be the owners in fee simple of said real estate as alleged in their complaint, and in their amended complaint in this cause, and as such owners, pretend to be the owners of all the oil in and under said real estate, and of the exclusive right to mine for and take all of said oil, and as such pretended owners of said oil and the exclusive right to take the same, have pretended to grant to the other defendants to this cross-complaint, the right to enter upon

said land, drill wells thereon, and to take all of said oil in violation of said rights of this cross-plaintiff, and that said other defendants claim that by virtue of such pretended grant, they are the owners of all of said oil, together with the exclusive right to enter upon said land and do all things necessary for the removal of said oil. That the claim of plaintiffs and of said defendants is adverse to cross-plaintiff's said rights in said lands. That each and all of the claims of the said cross-defendants are without right and unfounded and cast a cloud upon plaintiff's said title''. Cross-complainant further alleges the value of the oil deposit and that ''if said oil is removed therefrom the value of cross-plaintiff's rights will be entirely destroyed, and that said cross-defendants acting under their aforesaid pretended claim have wrongfully entered upon said land and are now engaged in removing therefrom the said oil, and have already removed great quantities therefrom and will, unless enjoined and restrained therefrom by order of this court, remove all of said valuable deposit of oil, and thus work great and irreparable injury to cross-plaintiff for which no adequate compensation can be made''. Cross-plaintiff further avers that cross-defendants have held possession of said real estate for three years and prays damages, for possession of said land by virtue of its leases, and that its title to said oil quieted, appellants be enjoined from further removing oil, for receiver *pendente lite,* and for a perpetual injunction.

Appellants severally demurred to the above amended cross-complaint, (1) for failure to state a cause of action, and (2) misjoinder of causes of action. The specific allegations of appellee's third paragraph of amended cross-complaint, stated *supra,* constitute a cause of action. The averments allege an ownership of an interest in and a right to enter upon the lands of the Wards by virtue of certain oil and gas leases, set out in the amended complaint, for the purpose of drilling and exploring for oil,

and which leases vested in it an interest in the oil so obtained. The facts pleaded show that appellants have entered upon said lands and obtained great quantities of oil the title to which rested in appellee.

It is insisted the averments, *supra,* state conclusions and not facts. We cannot agree with this insistence. This question comes within the rule declared in *Domestic*

2. *Block Coal Co.* v. *De Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, as follows: "In construing a complaint, where a demurrer is interposed, it will be deemed sufficient whenever the necessary allegations can be fairly gathered from all the averments, even though stated illogically, and by way of argument. All facts will be deemed stated that can be implied from the allegations made, by fair and reasonable intendment, and facts so impliedly averred will be given the same force as if directly stated." Pleadings must be considered in their gen-

3. eral scope and as an entirety and will be liberally construed in order to promote justice between the parties. *Smith* v. *Borden* (1903), 160 Ind. 223, 228, 66 N. E. 681.

"No judgment shall be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action". §346 Burns 1908, §341 R. S. 1881.

4. The above section expressly prohibits a review of a judgment expressly overruling a demurrer for misjoinder of causes of action. *Pittsburg, etc., R. Co.* v. *Brown* (1912), 178 Ind. 11, 97 N. E. 145, 98 N. E. 625; *Coan* v. *Grimes* (1878), 63 Ind. 21; *Carger* v. *Fee* (1895), 140 Ind. 572, 39 N. E. 93; *Brown* v. *Bernhamer* (1902), 159 Ind. 38, 65 N. E. 580; *Boonville Nat. Bank* v. *Blakey* (1906), 166 Ind. 427, 76 N. E. 529; *City of Huntington* v. *Stemen* (1906), 37 Ind. App. 553, 77 N. E. 407. The third paragraph of amended cross-complaint was sufficient to withstand a demurrer for want of facts and for an alleged misjoinder of causes of action.

Appellants insist that the court erred in sustaining the demurrer to their pleas to the jurisdiction and to abate the action to the amended third paragraph of cross-complaint. Appellee's cross-complaint was filled March 21, 1905. On February 19, 1906, all of the appellants filed their written motion to strike out appellee's cross-complaint. February 26, 1906, the appellee, Crown Oil Company, filed an amended cross-complaint in two paragraphs. On February 27, 1906, all of the appellants filed motions to strike out each paragraph of the amended cross-complaint. March 9, 1906, said motion of the Wards was overruled, and the motions of appellants, Kahle Bros. & Gray, and The Indiana Pipe Line Company, sustained. On March 16, 1906, the record discloses, ''Come the parties by counsel and the Crown Oil Company now asks leave to file a third paragraph of amended cross-complaint as to all parties to the amended cross-complaint and the court now grants the same and the Crown Oil Company now files a third paragraph of amended cross-complaint herein as follows, to wit''. On April 23, 1906, the court ordered the appellants to answer said amended third paragraph of cross-complaint. September 5, 1906, the appellants filed their plea to the jurisdiction of the court and to abate the action and a demurrer thereto was sustained September 17, 1906. The plea to abate denied the jurisdiction of the court over the person of appellants on the ground that when the court had sustained appellants' motion to strike out the amended cross-complaint, the appellants, by said ruling, went out of court, until brought back by a summons duly issued and served. The appellee, by obtaining leave of the court, with the parties before the court, to file a third paragraph of amended cross-complaint as to all parties to the amended cross-complaint has followed the rule laid down in *Clark* v. *Jeffersonville, etc., R. Co.* (1873), 44 Ind. 248, 264, and approved by this court in *Guthrie* v. *Howland* (1905), 164 Ind. 214, 224, 73 N. E. 259: ''When a pleading is stricken out,

it cannot be amended, for it is out of the record. The party then must either reserve the question by a bill of exceptions and seek relief in this court, or obtain the leave of the court to file another pleading.'' We do not think the contention of appellants upon this point is tenable.

Appellants next contend that the court erred in overruling their motion to strike out and dismiss appellee's amended third paragraph of cross-complaint, for the reason that (1) the action alleged in appellee's amended third paragraph of cross-complaint does not grow out of, nor is connected with, the cause of action alleged in Wards' original complaint, (2) that the Indiana Pipe Line Company is not a party to said amended cross-complaint, (3) that a new trial under the statute as of right cannot be granted thereon to the losing party because an injunction is sought.

The Wards' original and amended complaint sought to quiet title against appellee and to cancel certain oil and gas leases held by it, and claimed to be valid. The

6. amended third paragraph of cross-complaint is based upon, and seeks to enforce, certain rights of ownership and privileges granted appellee by the Wards, by virtue of the same oil and gas leases. This fact presents a single question in common with the Wards' complaint and appellee's amended third paragraph of cross-complaint, arising out of the same oil and gas leases on the same real estate, as shown by the same descriptions set out in the original and amended complaint of said Wards, and the amended third paragraph of cross-complaint of appellee, which facts show that the amended third paragraph of cross-complaint was germane within the meaning of §355 Burns 1908, §350 R. S. 1881, which provides: ''A counterclaim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of defendants, or which would tend to reduce the plaintiff's claim or demand for damages.'' The Indiana Pipe Line Company was made a party defendant to the orig-

inal cross-complaint on the same general charges as appellants, Kahle Bros. & Gray, therefore the same reasons determine this point as to it. The court did not err in overruling said motion.

The court stated, in substance, its conclusions of law on the special findings of facts to be, that, (1) the Wards recover nothing under their amended complaint, and appellee recovers its costs, (2) appellee, Crown Oil Company, had the exclusive right to enter upon said lands since June 26, 1901, for the purpose of drilling for oil and natural gas and for all other purposes set out in the leases executed by the Wards, (3) that the leases executed by the Wards to Kahle Bros. & Gray are void and of no effect against appellee, (4) that appellee is entitled to have his title quieted against appellants as to all rights granted by the Wards under the leases, (5) that appellants be enjoined from operating oil wells on said real estate, and from removing or selling any oil therefrom, and from interfering with the rights of appellee to enter upon said lands for the purpose of drilling for, or operating said oil wells, (6) that appellee is entitled to judgment in the sum of $27,457.23, on account, for value of oil belonging to appellee and wrongfully appropriated and converted to the use of appellants, (7) that appellee is entitled to recover its costs.

The Appellate Court, in the case of *Crown Oil Co.* v. *Ward, supra,* where the question of the validity of the leases, executed by the Wards and, then and now,
7. owned by appellee, and mentioned in its amended third paragraph of cross-complaint, held that said leases were valid, and this decision is in accord with the holdings of this court in *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind. 320, 70 N. E. 363, and *Consumers Gas Trust Co.* v. *Crystal Window Glass Co.* (1904), 163 Ind. 190, 70 N. E. 366; *Federal Oil Co.* v. *Western Oil Co.* (1902), 121 Fed. 674, 57 C. C. A. 428, and *New American Oil, etc., Co.* v. *Troyer* (1906), 166 Ind. 402, 76 N. E. 253,

77 N. E. 739, and becomes the law in this case. "Where the questions are necessarily involved, and where the conclusion declared could not have been reached without either expressly or impliedly deciding such questions, the judgment on appeal rules the case throughout all its subsequent stages." *Forgerson* v. *Smith* (1885), 104 Ind. 246, 3 N. E. 866, and cases cited. As the validity of the oil and gas leases executed by the Wards and then and now owned by appellee, and referred to in appellee's amended third paragraph of cross-complaint, was fully considered and decided in said appeal, this court cannot depart from the ruling there declared. *Forgerson* v. *Smith, supra.* Since this court must

8. hold said oil and gas leases valid, appellee, Crown Oil Company, had the exclusive right to enter upon said land by virtue thereof for the purpose of drilling for oil and natural gas and for all other purposes specified in said leases. The leases, being valid, the Wards could not execute valid second leases on the same lands to the appellants, Kahle Bros. & Gray, while appellee's leases were in full force and effect; therefore the court did not err in holding appellants' leases void and of no force and effect as against appellee. Owning valid oil and gas leases on said

9. land, appellee was entitled to enter thereon to drill for oil and to have its interest in the title to said oil quieted, as against appellants, and the appellants enjoined from further interfering with appellee's rights to enter upon said land and remove the oil.

Appellants complain that their motion for a new trial as of right was erroneously overruled. The record discloses that this motion was made by appellants, Kahle Bros. & Gray, and The Indiana Pipe Line Company, but was not made by the Wards, and in the following language, "move for a new trial of said cause upon the issue formed upon said cross-complaint". Had said motion been granted it would have opened up the issues of the complaint itself as originally filed by the Wards, who did not join with appellants

in making, or did not make, a separate motion for a new trial as of right. From the form of the motion it would seem that appellants making the same desired a new trial upon the issues formed on the cross-complaint of the appellee, only. The issues formed upon the cross-complaint were not merely a question of quieting title, but were for a money judgment and in addition thereto for an accounting, a receiver and an injunction. It is the rule that a new trial can be granted only as to the whole case. *Johnson* v. *McCulloch* (1883), 89 Ind. 270; *Peed* v. *Brenneman* (1880), 72 Ind. 288; *Bennett* v. *Closson* (1884), 138 Ind. 542, 548, 38 N. E. 46; *Cambridge Lodge, etc.* v. *Routh* (1904), 163 Ind. 1, 9, 71 N. E. 148.

The third paragraph of amended cross-complaint involves more than one substantive cause of action, and proceeded to judgment thereon. One of these was an action to quiet title, in which a new trial as of right was demandable, but others, for injunction and accounting, were not actions of which a new trial without cause could be asked. The rule applicable to such cases is that when a cause proceeds to judgment, which embraces a substantive cause of action, in which a new trial as a matter of right is not allowable, then, even though it embraces other causes in which a new trial as of right is allowable, the policy of the law is to regard that cause of action as controlling, in which a second trial without cause is not permitted. *Butler University* v. *Conrad* (1884), 94 Ind. 353; *Bradford* v. *School Town, etc.* (1886), 107 Ind. 280, 7 N. E. 256; *Voss* v. *Eller* (1887), 109 Ind. 260, 10 N. E. 74; *Sterne* v. *Vert* (1887), 111 Ind. 408, 12 N. E. 719; *Williams* v. *Thames Loan, etc., Co.* (1886), 105 Ind. 420, 5 N. E. 17; *Richwine* v. *Presbyterian Church, etc.* (1893), 135 Ind. 80, 34 N. E. 737; *Nutter* v. *Hendricks* (1898), 150 Ind. 605, 50 N. E. 748. ''The granting of a new trial as of right under the statute is limited by the decisions to actions for the possession of real estate where the title is involved or to quiet the title

thereto, and the rule is that where two or more substantive causes of action proceed to judgment in the same case, and one of them would entitle the losing party to a new trial as a matter of right, and the other would not, a new trial as of right is not allowable." *Garrick* v. *Garrick* (1909), 43 Ind. App. 585, 591, 87 N. E. 696, 88 N. E. 104. See, also, *Bonham* v. *Doyle* (1907), 39 Ind. App. 434, 76 N. E. 858. The motion as made herein for a new trial as of right was properly overruled.

Appellants assign as error the following reasons in overruling their motion for a new trial: (1) Damages assessed were excessive, (2) assessment of damages was erroneous, (3) judgment was not sustained by sufficient evidence, (4) the judgment was contrary to law, and (5) the special findings were not sustained by sufficient evidence.

In determining the question of whether the damages assessed were excessive, the court must determine whether appellants acted in good faith, or were wilful trespassers. Good faith, like fraud, is a fact and must be proved as any other fact, and is never a conclusion of law. *Sunnyside Coal, etc., Co.* v. *Reitz* (1896), 14 Ind. App. 478, 39 N. E. 541, 43 N. E. 46. The facts show that appellee held oil and gas leases upon the real estate in controversy. On June 11, 1901, after appellee had complied with the terms and conditions provided by said leases, the lessors refused to abide by the terms thereof, declared said leases terminated and brought an action to declare them void and to quiet title to their lands. The court rendered judgment in favor of said lessors declaring said leases void and quieting their title in the real estate against appellee. At this time, appellants, Kahle Bros. & Gray, were in the neighborhood drilling and exploring for oil and gas. On March 14, 1902, Richard S. Gray, with full knowledge of the prior leases executed by the Wards and then owned by the Crown Oil Company, accepted the leases in controversy. He knew of the existence of the liti-

gation concerning the same, and that judgment had been rendered in said cause, but he made no inquiry of the said Crown Oil Company, or any of the defendants, or any of them; that at the time the said Kahle Bros. & Gray took and accepted the said leases from the plaintiffs, said judgment quieting title and canceling the said leases was in full force and effect and unappealed from. After said Kahle Bros. & Gray had taken actual possession of said real estate and had drilled wells thereon for oil and gas, said Crown Oil Company, within the time allowed by law, appealed to the Appellate Court which reversed the Grant Superior Court and remanded the case for a new trial. A large quantity of the oil obtained was obtained during the pendency of this appeal. Nowhere in the special findings of facts can it be found that the Crown Oil Company notified appellants that it intended to appeal. It is true that the findings disclose a notice to the Indiana Pipe Line Company that the Crown Oil Company was the owner of all the oil obtained from the Wards' land. Although appellants might have known of the litigation between the Crown Oil Company and the Wards, they entered upon, and took possession of, the Wards' land while the judgment of the Grant Superior Court, canceling the leases held by the Crown Oil Company and quieting the Wards' title, was in full force and effect and unappealed from. They entered by virtue of their leases and began operation. We cannot agree that these facts constitute a wanton disregard of appellee's rights so as to make them wilful trespassers, but on the contrary, we must conclude that appellants entered in good faith by virtue of an oil and gas lease duly executed to them by the Wards after a court of competent jurisdiction had declared the former leases null and void. Not having been wilful trespassers, the measure of damages awarded by the court was erroneous. In order to recover for a wilful wrong or trespass it is necessary for the complaint to

14.

allege a wilful and wanton disregard of the rights of the other party. *Sunnyside Coal, etc., Co.* v. *Reitz, supra; Everson* v. *Seller* (1886), 105 Ind. 266, 4 N. E. 854; and *Woodenware Co.* v. *United States* (1882), 106 U. S. 432, 1 Sup. Ct. 398, 27 L. Ed. 230. Nowhere in the third paragraph of amended cross-complaint do we find an allegation of wilfulness, nor do the special findings of facts disclose that appellants were wilful wrongdoers. We must therefore conclude that the special findings do not support the conclusions of law stating the measure of damages against a wilful trespasser.

Petroleum in and under the surface of the earth, and not reduced to actual possession of any person, constitutes a part of the land, and belongs to the owner thereof who has the right to reduce the mineral to possession or grant the privilege of doing so to other persons. *Richmond Nat. Gas Co.* v. *Davenport* (1905), 37 Ind. App. 25, 76 N. E. 525; *Rupel* v. *Ohio Oil Co.* (1911), 176 Ind. 4, 95 N. E. 225.

"One who unintentionally, and in the honest belief that he is lawfully exercising a right which he has, enters upon the property of another and removes his ore, his timber, or any other valuable appurtenant to his real estate, is liable in damages for the value of the ore, timber, or other thing in its original place, and for no more. * * * But one who wilfully and intentionally takes ore, timbers, or other property from the land of another must respond in damages to him for the full value of the property taken, at the time of his conversion of it, without any deduction for the labor bestowed or expense incurred in removing and preparing it for the market." *Durant Min. Co.* v. *Percy Consolidated Min. Co.* (1899), 93 Fed. 166, 167, 35 C. C. A. 252, and cases cited. The general rule is that if the wrongful act is committed unintentionally, or by mistake, or in the honest belief that the party is acting within his legal rights, in estimating the damages, the recovery

must be limited to the value of the product taken, less what it costs to produce it. *Wood* v. *Morewood* (1842), 3 Q. B. *440, 43 Eng. Com. Law 810; *Livingstone* v. *Rawyards Coal Co.* (1880), 5 App. Cas. 25; *Cheesman* v. *Shreeve* (1889), 40 Fed. 787; *Colorado Cent. Consolidated Min. Co.* v. *Turck* (1895), 70 Fed. 294, 301, 302, 36 U. S. App. 208, 17 C. C. A. 128; *Durant Min. Co.* v. *Percy Consolidated Min. Co., supra; Golden Reward Min. Co.* v. *Buxton Min. Co.* (1889), 97 Fed. 413, 421, 38 C. C. A. 228; *Resurrection Gold Min. Co.* v. *Fortune Gold Min. Co.* (1904), 129 Fed. 668, 679, 64 C. C. A. 180, and cases cited; *Montana Min. Co.* v. *St. Louis Min., etc., Co.* (1906), 147 Fed. 897, 911, 78 C. C. A. 33; *Warrior Coal, etc., Co.* v. *Mabel Min. Co.* (1896), 112 Ala. 624, 20 South. 918; *Maye* v. *Tappan* (1863), 23 Cal. 306; *Goller* v. *Fett* (1866), 30 Cal. 481; *Hendricks* v. *Spring Valley Min., etc., Co.* (1881), 58 Cal. 190, 41 Am. Rep. 257; *Empire Gold Min. Co.* v. *Bonanza Gold Min. Co.* (1885), 67 Cal. 406, 7 Pac. 810; *Omaha, etc., Refining Co.* v. *Tabor* (1889), 13 Colo. 41, 21 Pac. 925, 930, 5 L. R. A. 236, 16 Am. St. 185; *United Coal Co.* v. *Canon City Coal Co.* (1897), 24 Colo. 116, 48 Pac. 1045, 1047; *St. Clair* v. *Cash Gold Min., etc., Co.* (1897), 9 Colo. App. 235, 47 Pac. 466; *Chamberlain* v. *Collinson* (1877), 45 Iowa 429; *Stockbridge Iron Co.* v. *Cone Iron Works* (1869), 102 Mass. 80; *Hartford Iron Min. Co.* v. *Cambria Min. Co.* (1892), 93 Mich. 90, 53 N. W. 4, 32 Am. St. 488; *Austin* v. *Huntsville Coal, etc., Co.* (1880), 72 Mo. 535, 545, 37 Am. Rep. 446; *Fitzgerald* v. *Clark* (1895), 17 Mont. 100, 42 Pac. 273, 30 L. R. A. 803, 52 Am. St. 665; *Waters* v. *Stevenson* (1878), 13 Nev. 157, 167, 29 Am. Rep. 293; *Dyke* v. *National Transit Co.* (1897), 22 App. Div. 360, 49 N. Y. Supp. 180; *Crawford* v. *Forest Oil Co.* (1904), 208 Pa. St. 5, 57 Atl. 47; *Forsyth* v. *Wells* (1861), 41 Pa. St. 291, 80 Am. Dec. 617; *Coleman's Appeal* (1869), 62 Pa. St. 252; *Ege* v. *Kille* (1877), 84 Pa. St. 333.

The test to determine whether one is a wilful or mistaken

trespasser is his belief and intention at the time he committed the trespass. *United States* v. *Homestead 17. Min. Co.* (1902), 117 Fed. 481, 54 C. C. A. 303. Appellants took no lease from the landowners until after the court had quieted title against every interest of the appellee, and after the leases of appellee had been canceled of record. The oil which appellants obtained from the Wards' land was taken in the belief that they were within their legal rights. The special findings show that $34,953.75 was expended by appellants and was necessary for the proper management and operation of the nine oil wells located on the Wards' land. This special finding is contrary to the evidence which shows that this large sum was expended in the development of other wells in the locality of the Wards' land, in traveling expenses, hotel bills, etc., while appellants were looking after their entire interests in that oil field. It is impossible to determine just what amounts were actually expended in the development of these nine oil wells and the cost of producing the oil obtained therefrom.

We conclude that the measure of damages adopted by the court below was erroneous. This makes a further consideration of the many other questions presented unnecessary. Judgment reversed with instructions to grant a new trial.

NOTE.—Reported in 100 N. E. 681. See, also, under (1) 27 Cyc. 733; 32 Cyc. 1363; (2) 31 Cyc. 79; (3) 31 Cyc. 79, 83; (4) 2 Cyc. 605; (5) 32 Cyc. 424; (6) 31 Cyc. 221; 34 Cyc. 682; (7) 3 Cyc. 395; (8) 27 Cyc. 737; (9) 27 Cyc. 733; (10, 11) 29 Cyc. 732; (12) 38 Cyc. 1151; (13) 27 Cyc. 639; (14) 38 Cyc. 1078; (15) 32 Cyc. 656; (16) 38 Cyc. 1133, 1141; (17) 27 Cyc. 640. As to what covenants run with the land, see 82 Am. St. 664. As to evidence of abandonment or forfeiture of mining claims, see 87 Am. St. 413. As to the measure of damages for the wrongful working of a mine, see 8 Ann. Cas. 43; Ann. Cas. 1913A 562.