(22 App. Div. 360.)

### DYKE v. NATIONAL TRANSIT CO. et al.

(Supreme Court, Appellate Division, Third Department.   November 30, 1897.)

TRESPASS—MEASURE OF DAMAGES.
    Where trespass is committed upon the land of another, and oil taken out of the ground, and converted by the trespasser, under the mistaken belief that the land belonged to him, punitive damages should not be allowed the landowner, but the full measure of damages is the value of the oil taken as it lay in the earth.
    Putnam, J., dissenting.

Appeal from trial term.

Action by Electa A. Dyke against the National Transit Company and others for trespass.   Judgment for plaintiff, from which defendants appeal.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Claude R. Scott (A. S. Kendall and Clarence A. Farman, of counsel), for appellants.

Reynolds, Brown & Reynolds (Chas. H. Brown, of counsel), for respondent.

LANDON, J.   This judgment is a violent shock to one's sense of justice.   It rests mainly upon Silsbury v. McCoon, 3 N. Y. 379.   That was a case where the wrongdoer, knowing that he was doing wrong, converted the owner's corn into whisky, and it was held that the title to the whisky still remained in the owner of the corn.   Here, the wrongdoer mistakenly supposed he had the right to take the oil.   The trial court found that all the acts of every one of the defendants were done in the honest belief that the defendants had good title to the oil as against the plaintiff.   The difference between the two cases is, in

the one the wrongdoer knew he was doing wrong, and in the other he supposed he was doing right. In the case cited there was ample ground for punitive damages; in this case no ground at all. Hughes v. Pipe Lines, 119 N. Y. 423, 23 N. E. 1042, turned upon a former judgment in an action in which Stephens sought to have it adjudged that the oil he had already taken from land which Hughes claimed belonged to him. Hughes answered, claiming both oil and land, and the court adjudged that he owned both. Of course, in the subsequent action, above entitled, in which the pipe lines defended under Hughes, the former judgment was conclusive. As the oil was above ground before the first suit was commenced, its value in the second action had to be measured accordingly. The court had nothing to do with its value under ground, and, although it cited Silsbury v. McCoon, it is plain that that case could not affect a decision based upon the conclusiveness of the former judgment. The trial court found that the value of the plaintiff's land was not lessened by the defendants' operations, but had been increased by the valuable erections they had placed upon it. I think the value of the oil as it lay in the earth is the full and true measure of the plaintiff's damages. Wooden-Ware Co. v. U. S., 106 U. S. 432, 1 Sup. Ct. 398; Stockbridge Iron Co. v. Cone Iron Works, 102 Mass. 80; 26 Am. & Eng. Enc. Law, 831; 5 Am. & Eng. Enc. Law, 37; 2 Sedg. Dam. (7th Ed.) 420; Clark v. Holdridge, 12 App. Div. 613, 43 N. Y. Supp. 115. The distinction is between a willful trespasser and a mistaken one. The one knows he is wrong, and the other believes he is right. When the latter is shown to be wrong, if he makes full indemnity, justice can exact no more. Punitive damages are not the plaintiff's right, but are given, as said in Livingstone v. Coal Co., 5 App. Cas. 25 (33 Moak, Eng. Rep. 622), when the court "will assert its authority to punish the fraud by fixing the value of the whole of the property which he has so furtively taken, and making him no allowance in respect of what he has so done." In Loos v. Wilkinson, 113 N. Y. 497, 21 N. E. 395, it is said:

"It is the general rule, even in actions to recover damages for pure torts, that the plaintiff shall recover compensation for such damages only as he has actually suffered, and such is the invariable rule in all cases except where punitive damages may be awarded, and in such cases courts are striving to come nearer to the rule of compensation."

It is not denied that there are many cases of purely constructive torts in which the courts have permitted the injured party to recover more than he has lost. Of course, as against such a wrongdoer, the courts ought to award the injured party full indemnity, and need not scrimp the measure. Hence, I suspect, it is that they have taken the less pains to notice that the rules which they follow are punitive in their nature, and should be limited to cases in which the wrongdoer deserves punishment. Here the defendants are technically, but not morally, guilty of a tort, and on the mere technicality the plaintiff, who has been benefited by the technical tort, considered in all its features, seeks further to devest them of a large part of their estate. The courts should refuse to assist so palpable an injustice, or to sanction extortion under the forms of the law. The defendant the Na-

tional Transit Company was not liable for any greater damages than the other defendants.

I advise that judgment be reversed, and new trial granted; costs to abide the event.    All concur, except PUTNAM, J., dissenting.

(24 App. Div. 143.)

## MANNING v. INTERNATIONAL NAV. CO.

(Supreme Court, Appellate Division, First Department.    December 31, 1897.)

3. SAME.
    A plaintiff should not be compelled to set forth in a bill of particulars details which the defendant is more likely to know than the plaintiff able to furnish.
    Ingraham, J., and Van Brunt, P. J., dissenting.

Appeal from special term.