## BARNES v. WINONA OIL CO.

No. 11559—Opinion Filed May 10, 1921.

(Syllabus.)

**Oil and Gas—Production Under Invalid Lease—Action by Landlord for Accounting—Measure of Recovery.**

Where a person in good faith enters into peaceable possession of land upon which he owns an oil and gas lease and produces oil and gas therefrom, and thereafter said lease is declared void or invalid, the measure of damages to the landlord in an action for an accounting for the oil and gas produced from said premises by the lessee is the value of the oil at the surface or in pipe line or tanks wherever the same may be, less the reasonable cost of producing the same.

Error from District Court, Washington County; Preston A. Shinn, Judge.

B. B. Blakeney, J. H. Maxey, Hubert Ambrister, Christy Russell, and Leake & Henry, for plaintiff in error.

West, Sherman, Davidson & Moore, for defendant in error.

McNEILL, J. This action was commenced in the district court of Washington county to cancel an oil and gas lease held by the Winona Oil Company and for an accounting for oil and gas produced from said premises. The court rendered judgment canceling the oil and gas lease, and an appeal was taken to this court, being case No. 11559, entitled "Winona Oil Company v. Barnes," and the opinion rendered this day affirming the judgment of the trial court (ante, p. 248). The question of accounting between the parties was continued in the district court, and referred to a referee, who made certain findings of fact and conclusions of law, which were approved by the court. The referee found the value of the oil and gas produced from the premises and also the expense for producing the same, and rendered judgment against the Winona Oil Company for the value of the oil and gas sold, less the cost of producing the same, in the sum of $47,-171.78.

From said judgment Henry N. Barnes has appealed to this court, and the question involved was argued and submitted with case No. 11559. For reversal, Henry N. Barnes contends that the measure of damages is the value of the oil and gas at the time converted, and contends that the court

committed error in deducting from said amount the actual cost of producing said oil and gas. The Winona Oil Company contends that its liability is the usual and customary royalty to be paid to the landowner. The referee and the trial court held that the damages were the value of the oil at the pipe line, less the amount expended for producing the same. We think the court found the proper measure of damages to be recovered in this case.

The Supreme Court of the United States, in the case of Guffey v. Smith, 237 U. S. 101, stated as follows:

"On an accounting for oil and gas taken under color of a lease later than that of plaintiff, but without actual knowledge thereof, although the same was recorded, held, that the later lessees were entitled to be credited with the cost of improvements and operation, incurred prior to, but not after the date on which they were actually notified of the rights of the earlier lessee. The continued taking thereafter was a willful taking and appropriation of the property of another."

And in support of this principle of law cited the following cases: Woodenware Co. v. United States, 106 U. S. 432; Benson Mining Co. v. Alta Mining Co., 145 U. S. 428, 434; Pine River Logging Co. v. United States, 186 U. S. 279; United States v. St. Anthony Railroad, 192 U. S. 524, 542. See, also, Central Coal Co. v. Penny, 173 Fed. 340; Benden v. Brooks, 103 Tex. 329; Gladys City Oil, etc., Co. v. Right of Way Oil Co. (Tex. Civ. App.) 137 S. W. 171, 182.

The principle announced in Guffey v. Smith, supra, we think is the correct rule, except that portion of the opinion which says: "The continued taking" after notice of a claim of another's rights "was a willful taking and appropriation of the property of another."

An examination of the former decisions of the United States Supreme Court cited to support this principle of law reveals they are cases involving the measure of damages for cutting ore, or cutting of timber from the land. In the case of United States v. St. Anthony Railroad, 192 U. S. 524, the court announced the principle of law in that kind and character of cases as follows:

"A railroad company cutting timber for the construction of its road on public lands not adjacent thereto is liable to the United States for the value thereof, and where there is no intention to violate any law or do a wrongful act, the measure of damages is the value of the timber at the time when, and at the place where, it was cut and not at the place of its delivery."

If we apply the same principle to the taking off the oil and gas, the rule would be: "Where a lessee, with no intention to violate any law or do any wrongful act, takes possession of land under a lease owned by him, and in good faith, believing in his title, proceeds to develop the premises for oil and gas purposes, and it later develops that his lease was invalid," the measure of damages would be the price of the oil or gas at the surface or in the pipe line, less the cost of producing the same. The Supreme Court of the United States, in support of the principle announced in the Guffey v. Smith Case, cited only two oil and gas cases. In the case of Gladys City Oil, Gas & Mfg. Co. v. Right of Way Oil Co. (Tex. Civ. App.) 137 S. W. 171, cited, the 13th paragraph of the syllabus reads as follows:

"The measure of damages for taking oil from land through mistake would be the value of the oil at the surface, less the reasonable cost of extracting it."

The other oil and gas case cited was Bender v. Brooks (Tex.) 127 S. W. 168, which announced the following rule:

"The measure of damages for unlawfully taking ore from a mine under an honest mistake as to its ownership is the value of the ore as it was in the mine before disturbed, so that the measure of damages for taking oil from and through mistake as to its ownership would be the value of the oil at the surface or in tanks, less the cost of pumping and tanking it, and not the usual royalties for producing oil."

In our judgment, what would amount to a willful taking of property applicable to persons in possession of land producing mineral ores therefrom or cutting timber on the land, is not applicable to a person in possession of land producing oil and gas therefrom. The reason for the rule is very apparent. If a person in possession under a mining lease is producing mineral ore therefrom and has notice that the landlord considered the lease invalid, or that a third party claims a superior lease upon the land, the party might cease mining the ore, or from cutting the timber, until the title to the ore or timber is determined, without irreparable injury either to the landlord or the lessee, but in case of a person in possession of land producing oil and gas therefrom a different condition exists. If the party in possession shuts in the wells, the oil and gas is liable to be drained by adjacent landowners, or he has the risk of salt water ruining the wells, and in many other ways the wells may be ruined by failure to operate or to produce the oil or gas therefrom, thereby causing irreparable damage to the property. It is essential to pro-

duce the oil and gas to protect the interest of all the parties, and to hold that the further operation of said lease by the person in possession would amount to a willful taking and appropriation of the property of another would be placing too narrow a construction on the word "willful."

To permit the owner of the land, or another lessee, to recover from the person who is in peaceable possession of the land and producing oil or gas therefrom the value of the oil at the surface without deducting therefrom the cost of producing would be analogous to permitting the recovery of exemplary damages. The damages recoverable would be more than compensatory. The distinction when the measure of damages would be the value of the ore when produced, and when it would be the value of the ore when produced less cost of production, is stated in the case of Central Coal & Coke Co. v. Penny, 97 C. C. A. 66, as follows:

"One who, unintentionally and in the honest belief that he is lawfully exercising a right he has, enters upon the property of another and removes his ore, his coal, his timber or any other valuable appurtenant to his land, is liable in damages for the value of the ore, timber, or other thing in its original place, but for no more.

"But one who willfully, intentionally, or with reckless disregard of the rights of another takes his ore, timber, or other property, and appropriates it to his own use, must respond to the owner for the full value of the property at the time he converts it, without deduction for the labor bestowed or expenses incurred in removing and preparing it for market."

The action to recover damages for the unlawful production and taking of oil and gas from the premises is in the nature of a tort, and the facts that permit the recovery of exemplary damages in an action sounding in tort have been stated by this court as follows:

"To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence —such disregard of another's rights—as is deemed equivalent to such intent." Haskell Nat. Bank v. Stewart, 76 Okla. 58, 184 Pac. 463; Western Union Tele. Co. v. Reeves, 34 Okla. 469, 126 Pac. 216; Sale, Sheriff, v. Shipp, 58 Okla. 598, 160 Pac. 502.

To hold that the taking of the oil is willful, by a person who has obtained possession in an orderly manner without creating a breach of peace, and is in peaceable posses-

sion of the land, operating under a lease which has not been declared invalid or void, and doing only what he is entitled to do under his contract, we think would be contrary to the intention and spirit of the law that the damages should be compensatory only.

In the instant case, while it was pleaded that the lease was obtained by fraud, yet there is no evidence that there was any fraud, malice, or oppression in obtaining possession of the premises, or in operating the lease.

This court, in the case of Probst v. Bearman, 76 Okla. 71, 183 Pac. 886, stated as follows:

"The cost of improvements and operations incurred by the holder of an oil and gas lease, purchased pendente lite and with actual knowledge of the adverse claim, and of the purpose of such party to insist upon his rights, and to obtain redress for the invasion of such rights, will not be deducted, when requiring such holder to account to the successful adverse party for oil and gas produced and sold from the premises."

In that case this court was dealing with a situation where a third party had purchased the lease pendente lite, or, in other words, was or might be considered an interloper, and that case may be distinguished upon that ground. The principle of law announced in that case is too broad when applied to a lessee in peaceable possession.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.