## UNITED STATES v. NORVELL et al.

## SAME v. McMULLEN et al.

(Circuit Court of Appeals, Fifth Circuit. April 1, 1924.)

Nos. 4210, 4215.

Mines and minerals ☞7—One who enters on oil land in good faith, and continues in possession after entry has been held unlawful, cannot recoup expenditures.

Where defendant entered on land in good faith and began to extract oil on August 4, 1919, and a decree was entered that plaintiff owned the land and defendant's entry was unlawful, and an accounting was had up to January 1, 1918, decree further providing that defendant shall account for oil extracted subsequent to that date, held, that defendant cannot set off losses incurred prior to that date against value of oil extracted thereafter.

Appeals from the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

Suits by the United States against B. R. Norvell and others and against Mrs. Lydia Hanszen McMullen and others, respectively. Decree for defendants, and the United States appeals. Reversed, and causes remanded for further proceedings.

See, also, 273 Fed. 135, 142; 274 Fed. 18.

Robert A. Hunter, Special Asst. Atty. Gen., for the United States.

S. L. Herold, of Shreveport, La. (D. Edward Greer, of Houston, Tex., and Thigpen, Herold, Lee & Cousin, of Shreveport, La., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. The appeals in these two cases were sued out by the United States from decrees of the District Court of the Western District of Louisiana, denying its right to recover from the defendants the net value of oils extracted by them from tracts of land since January 1, 1918. On August 4, 1919, decrees were entered by the District Court of the Western District of Louisiana, recognizing plaintiff's ownership of the lands and enjoining the defendants from trespassing thereon, condemned the defendants for the royalties paid out of the oil, and made provision for the appointment of a receiver to take charge of the property and continue the operations of extracting the oil. An accounting was had up to January 1, 1918, and the amounts carried into the decrees.

The records show that the wells were drilled and oil extracted before and since the suits were brought. In the Norvell et al. Case it shows that the net profit on oil extracted since January 1, 1918, was $2,718.59, and in the McMullen et al. Case it was $5,653.55. The trial court rejected the claims of the United States for the net value of the oil produced since January 1, 1918, the date at which the accounting was had in the decree of August 4, 1919, for the reason that the entire transactions of the defendants were conducted at a loss. The losses

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

prior to January 1, 1918, had been allowed to the defendants in the decree of August 4, 1919. Mason v United States (decided by the Supreme Court of the United States) 260 U. S. 545, 43 Sup. Ct. 200, 67 L. Ed. 396, affirmed the decrees of the District Court January 2, 1923.

The issues in these cases are a matter of law, the facts being admitted. The decrees of August 4, 1919, provided that defendants should account for the oil extracted from the lands subsequent to January 1, 1918. In each of the decrees it is provided that said defendants be and they are hereby ordered, directed, and required to make full, true, and accurate accounting to plaintiff of all oil extracted from said land since January 1, 1918, and to pay to plaintiff the value thereof as ascertained by said accounting, and that all of plaintiff's rights to recover the oil produced from said lands by defendants since January 1, 1918, be reserved.

The question raised by the assignments of error may be succinctly stated as follows: Can the defendants be allowed to set off losses and expenses incurred prior to January 1, 1918, against the value of the oil extracted since that day, in accounting for the value of the oil, under the reservation in the decrees? These decrees were entered August 4, 1919. Appeals were taken to the Circuit Court of Appeals, and supersedeas given; the defendants remaining in possession of and continuing to extract oil from the land, thereby avoiding the effect of the decrees to have a receiver appointed to operate the wells, etc. The cases were then carried to the Supreme Court of the United States, and there decided on January 2, 1923, affirming the decrees of the District Court. Mason et al. v. United States, 260 U. S. 545, 43 Sup. Ct. 200, 67 L. Ed. 396. It was thereby decided that the proper rule of damage to be followed in the accounting for the oil extracted from the lands was the net value of the oil. This relief was incidental to the main relief sought by the suits, the enjoining of a continuing trespass and to have the lands declared the property of the complainant. The Supreme Court, as did the District Court, applied the rules for the accounting applicable under the laws of Louisiana to a trespasser in good faith.

The issue in these cases for decision is: Can one who enters in good faith continue in possession after his entry has been decided to be unlawful, and claim the advantages of the original good-faith entry to recoup his expenditures on the land? We think not. We do not understand the case of Voiers v. Atkins Bros., 113 La. 303, 36 South. 974, and the cases therein cited, as holding any such doctrine. The complainant asks for the value of the oil, less the cost of production since January 1, 1918, and this we think it is entitled to have. To allow the expenditures in drilling the wells, outlay for salaries, etc., prior to January 1, 1918, in the accounting for the value of the oil extracted from the lands, would be virtually to say to the trespasser who had entered in good faith: You may stay upon the land, after your right has been decided adversely to you, until you have recouped your expenditures. This is not the law.

In argument and briefs much stress is laid upon the question whether the decrees of the District Court are final as to that portion of the

decrees which reserves the right to an accounting for the oil taken out after January 1, 1918; but our view is that it is not necessary to decide that question under the facts in these cases. Our view is that under the admitted facts the lower court erred in entering the decrees denying the complainant the right to recover the net value of the oil extracted after January 1, 1918.

There is the additional issue raised in United States v. Norvell et al., in the order of the court refusing to tax as costs to be paid by defendants 1 per cent. commission on the amount paid to the clerk in satisfaction of the decree. This issue has been decided against the appellees in the decision in the cases of United States v. Hunsicker et al., Jeems Bayou Fishing & Hunting Club et al., and Mason et al., 298 Fed. 278, at the present term, and need not be further discussed here.

For reasons herein expressed, these cases are reversed, and the said causes remanded for further proceedings not inconsistent with this opinion.