EAGLE OIL CORP. *v.* COHASSETT OIL CORP.

1. MINES AND MINERALS—OIL AND GAS LEASE—DESCRIPTION OF LAND.

Lease of oil and gas land executed in accordance with escrow agreement, *held*, to include land in question, although description was somewhat incomplete.

2. CORPORATIONS—FAILURE TO FILE ANNUAL REPORT—CURING DEFAULT.

Court's refusal to dismiss corporation's bill of complaint for failure to file its annual report with secretary of State was not error, where, at time bill was filed, report was not due, and, at time of hearing, report had been filed but privilege fee had not been paid, but court permitted plaintiff to cure default by payment of fees required by statute (2 Comp. Laws 1929, §§ 10127, 10128).

3. MINES AND MINERALS—EJECTMENT—FAILURE TO MAKE CLAIM FOR IMPROVEMENTS—ESTOPPEL.

In suit by oil and gas company for lien on oil produced by well which it drilled on land under void lease, and from which it was ejected, defendants in instant suit, who were not parties to ejectment suit, may not insist that plaintiff is estopped from maintaining instant suit by its failure in ejectment suit to make claim for improvements under statute (3 Comp. Laws 1929, § 14946).

4. SAME—INNOCENT TRESPASSER—LIEN FOR IMPROVEMENTS.

Oil and gas company which drilled well on land on which it was innocent trespasser is liable to owner for oil taken, but may deduct therefrom cost of its production.

5. SAME—RIGHT TO MONEY DECREE.

Where oil company was entitled to lien on oil for cost of production, but oil had been sold and proceeds paid to lessee, oil company is entitled to money decree against lessee in lieu of said lien.

6. Same—Extent of Innocent Trespasser's Lien for Improvements.

Oil company drilling well on land on which it was innocent trespasser was entitled to lien on all oil which it produced until it was reimbursed, but it is not entitled to lien on oil which it did not produce, although it had not produced enough oil to reimburse it for cost of production before being dispossessed.

7. Trespass—Measure of Compensation for Improvements.

Innocent trespasser who adds improvements to land is entitled to recover compensation therefor not measured by reasonable cost of improvements but by benefits to owner of land.

8. Mines and Minerals—Compensation for Well and Pumping Equipment.

Where oil well drilled by plaintiff innocent trespasser fails to produce sufficient oil to pay operating expenses, said well and pumping equipment are detriment rather than benefit to owner of land, and therefore plaintiff may recover nothing beyond value of oil produced during its operation of well, and it has no interest in future productions except as they may aid in measuring compensation for improvements.

9. Same—Lessee Receiving Proceeds of Oil Produced by Innocent Trespasser Liable Therefor.

Lessee under oil lease which received all proceeds of oil produced by innocent trespasser should be required to pay same over to it to reimburse it for expenditures including royalties to owner of land, and court was in error in charging said royalties to purchasers of oil sold, since they had already paid.

10. Corporations—Stockholders Not Liable for Corporation's Debt.

Stockholders and officers of defendant lessee oil corporation may not be held personally liable for money paid to it and for which it is liable.

Appeal from Muskegon; Miles (Fred T.), J., presiding. Submitted January 17, 1933. (Docket No. 60, Calendar No. 36,969.) Decided June 5, 1933. Rehearing denied August 29, 1933.

Bill by Eagle Oil Corporation, a Michigan corporation, against Cohassett Oil Corporation, a Mich-

igan corporation, and others to impress an equitable lien on oil and gas produced by well drilled by plaintiff. Cross-bill by defendant Joseph H. Metcalf against plaintiff and other defendants to establish title to oil and gas. From decree rendered, plaintiff and defendants Cohassett Oil Corporation, John G. Turner, Frank Marxer, Standard Oil Company, and Joseph H. Metcalf appeal. Reversed, and decree entered in accordance with opinion.

*Cross, Foote & Sessions* and *Alexis J. Rogoski,* for plaintiff.

*George H. Cross* (*E. C. Farmer,* of counsel), for defendants Cohassett Oil Corporation, Turner, Marxer, and Standard Oil Company.

*Harold H. Smedley,* for defendant Metcalf.

*Harris E. Galpin,* for defendant Simrall Pipe Line Corporation.

McDonald, C. J. ' Under an oil and gas lease from one Harm Doctor, the Eagle Oil Corporation drilled a well on certain premises in Muskegon county at a total cost of $13,272.31. At first the well produced in paying quantities. Subsequently it was held by this court in *Doctor* v. *Turner,* 251 Mich. 175, that the lessor had no title to the property, that the title was in Joseph H. Metcalf. Turner was interested in the litigation as lessee in a lease which he claimed to have from Metcalf. During the litigation over the title, the plaintiff remained in possession, but immediately thereafter was ousted in ejectment proceedings instituted by Mr. Metcalf. The Cohassett Oil Corporation, assignee of the Turner lease, followed in possession. While the plaintiff was in possession it sold and delivered to the Standard Oil

Company of Indiana oil valued at $5,886.28, and to the Simrall Pipe Line Corporation oil valued at $1,698.15, payment of which was subsequently made to the Cohassett Oil Corporation. After the Cohassett Oil Corporation went into possession, it sold oil to the Wellman Oil Company of the value of $906, and received payment therefor. Some of the oil sold to Wellman Company was produced by the plaintiff, but the record is not clear as to the exact amount. By the terms of the Metcalf lease one-eighth of the oil belonged to him as a royalty.

The plaintiff filed this bill on the theory that it was entitled to an equitable lien on seven-eighths of all oil produced until the $13,372.51 expended in drilling the well was fully paid; that it is entitled to payment from the several defendant oil companies of the oil purchased by them, and to an injunction restraining the Cohassett Oil Corporation and all others from removing or disposing of the personal property used in drilling the well and storing the oil.

The defendant Joseph H. Metcalf answered and filed a cross-bill in which he asks to recover the entire production of the well on the theory that both the plaintiff, Eagle Oil Corporation, and the defendant Cohassett Oil Corporation, assignee of the Turner lease, were trespassers, because the lessor of the Eagle Oil Corporation had no title, and the Turner lease does not include the premises in question. The other defendants except the Wellman Oil Company appeared and severally answered, denying plaintiff's right to the relief prayed for in its bill.

At the conclusion of the hearing, the trial court decreed that the plaintiff was entitled to an equitable lien on the oil produced during its operation of the well and on future productions until it is fully re-

imbursed for the money expended in its drilling operations; that until such expenditure is repaid the defendants Cohassett Oil Corporation, John G. Turner, and Frank Marxer, shall regularly account for all money received from the sale of oil from any source other than the Standard Oil Company of Indiana and the Wellman Oil Company, and pay the proceeds from such sales to the clerk of the court for the use and benefit of the plaintiff; that in the event they abandon the well or surrender their lease before the $13,372.51 is fully paid, the plaintiff may remove all of the personal property; that the plaintiff take nothing from the Simrall Pipe Line Corporation for the oil it purchased, but that the Standard Oil Company of Indiana and the Wellman Oil Company pay to the clerk of the court for the use and benefit of the plaintiff the value of seven-eighths of the oil sold and delivered to them; that the lease from Joseph H. Metcalf to Turner covered the lands in question, that Turner and his assigns were not trespassers, and that Metcalf's cross-bill be dismissed; that Joseph H. Metcalf recover from the Standard Oil Company of Indiana and from the Wellman Oil Company and from the Simrall Pipe Line Corporation one-eighth of the value of the oil which they respectively purchased, and that the same shall be paid to the clerk of the court for his use and benefit; that the Cohassett Oil Corporation, John G. Turner, and Frank Marxer and their successors in interest deposit every 30 days with the clerk as received, for the use and benefit of plaintiff and Mr. Metcalf, the proceeds from the sale of future oil productions until plaintiff is fully paid as provided herein, and that in the meantime the preliminary injunction remain in force.

From the decree entered the defendant oil companies except the Wellman Oil Company appealed. The defendant Joseph H. Metcalf cross-appealed from the provision of the decree dismissing his cross-bill, and the plaintiff took a cross-appeal from denial of relief against the Simrall Pipe Line Corporation.

The first question logically arising for our consideration relates to the contention of defendant Metcalf that his lease to Joseph H. Turner does not include the premises involved. If it does not, Turner and his assigns were trespassers, and the court was wrong in dismissing Metcalf's cross-bill.

The land in question consists of 1.5 acres lying north of the city of North Muskegon. With other lands it was acquired by Joseph H. Metcalf on March 4, 1901, by deed from Hackley and Hume. In the deed it was recited as being within the city of North Muskegon. A part of the description was within the city. When the Turner lease was made it was believed by all of the parties that the parcel in question was within the city, and it was in fact so located until the boundaries were changed in 1895. The Turner lease was secured through one A. K. Primeaux acting as agent for Mr. Metcalf, who resided in Seattle, Washington. The lease was executed in accordance with a preliminary agreement escrowed with the National Lumberman's Bank of Muskegon. It was executed in Seattle and the escrow agreement in Muskegon, which probably accounts for the difference in description of the land leased. We think the description in both instruments, though incomplete, fairly includes the parcel in question. The trouble arose over the mistaken recital in both instruments that all of the land lay within the city of North Muskegon. Mr. Turner

was entitled to a lease of all of the land described in the escrow agreement. It is contended by him that the premises in question are included in the description in the lease wherein it says, "And all that part of block 24 lying west of the county road." This contention is supported by the testimony of George W. Clark, a surveyor, called to testify by Mr. Metcalf. We have no doubt it was the intention of Mr. Metcalf to include the parcel in question with the other property leased to Mr. Turner, and that the description of the lease, though incomplete, is sufficient for that purpose. This disposition of Mr. Metcalf's contention brings us back to the controversy between the plaintiff and the other defendants.

1. It is first argued by the defendants that the court erred in refusing to dismiss the bill because of the plaintiff's failure to file its annual reports with the secretary of State for the years 1930 and 1931, as required by the statute, 2 Comp. Laws 1929, §§ 10127, 10128.

The bill was filed in October, 1930. At that time the plaintiff was not in default for failure to file its report, because, according to the provisions of the statute, the report for the year 1930 was not due until August, 1931. The case came on for hearing September 16, 1931. At that time the 1930 report had been filed, but the privilege fee had not been paid. The plaintiff was in default at the time of the hearing, but the court allowed it to cure the default by payment of the fees required by the statute. In this there was no error.

2. It is next urged by the defendants that the court erred in refusing to hold that the plaintiff cannot maintain its bill after having been dispossessed in an action of ejectment without having

therein made any claim under the statute (3 Comp. Laws 1929, § 14946) for improvements.

We need not discuss this question at length. The complaining defendants were not parties to the ejectment suit. That was a suit between Mr. Metcalf and the plaintiff. Mr. Metcalf is the owner. The improvements were to his property. He does not raise the question, and has not discussed it in his brief. The defendants do not have to pay for the improvements. They are in no position to insist on an estoppel because the plaintiff did not ask to have them determined in the ejectment suit.

3. Was the plaintiff entitled to an equitable lien on the oil produced to reimburse it for the cost of production?

The plaintiff was an innocent trespasser on the land of Joseph H. Metcalf. As such it is liable to the owner for the oil taken, but may deduct therefrom the cost of production. In *Barnes* v. *Winona Oil Co.* (syllabus), 83 Okla. 253 (200 Pac. 985, 23 A. L. R. 189, and annotation), the rule is announced as follows:

"A person who, in good faith, enters into peaceable possession of land upon which he owns an oil and gas lease and produces oil and gas therefrom, and thereafter said lease is declared void or invalid, the measure of damages to the landlord, in an action for an accounting for the oil and gas produced from said premises by the lessee, is the value of the oil at the surface or in pipe line or tanks wherever the same may be, less the reasonable cost of producing the same."

In the instant case the plaintiff was an innocent trespasser. It developed that its lease was void, so it did not own the oil which it brought to the surface. The oil belonged to the owner of the soil, but the

plaintiff was entitled to have its value applied on the cost of production. For that purpose it could retain possession of the oil until the charge for production was paid. In other words, it was entitled to an equitable lien on the oil until the charge against it was satisfied. But it sold and delivered the oil to the Standard Oil Company of Indiana and the Simrall Pipe Line Corporation. As it parted with possession, and the oil cannot now be located or identified, the plaintiff has lost its lien. But the proceeds of the sale were received by the defendant Cohassett Oil Corporation, which, by virtue of its lease with the owner, became vested with his rights. As these proceeds should have been applied on the cost of production, the plaintiff is entitled to equitable relief against the Cohassett Oil Corporation, and in the circumstances, in lieu of such relief, it is entitled to a decree for money damages. From this, one-eighth of the oil as royalty to Mr. Metcalf, the owner, should not be deducted, because the plaintiff was entitled to have all of the oil applied on the cost of production. It owed the owner no royalty. The plaintiff is also entitled to recover of the Cohassett Oil Corporation the proceeds from the sale of the oil produced and stored during its operation of the well, and subsequently sold by the Cohassett Oil Corporation to the Wellman Oil Company.

The plaintiff's right of recovery against the Cohassett Oil Corporation is confined to the oil produced during its operation of the well. The production by the Cohassett Oil Corporation after it took possession cannot be applied on the plaintiff's previous expenditures. It has no equitable lien on the oil which it did not produce, and, without such a lien, cannot reach the oil or the proceeds from its sale. *United States* v. *Norvell* (C. C. A.), 298 Fed. 281.

In the instant case, the plaintiff is not entitled to recover anything beyond the value of the oil which it brought to the surface. And as it did not produce enough oil to reimburse it for the expenditure it must bear the loss. Its total expenditure in drilling the well and producing the oil was $13,272.31. The oil produced did not exceed half that amount. It must suffer the loss unless it is entitled to some compensation for improvements to the premises. Such compensation is measured not by the reasonable cost of the improvements but by the benefits to the owner of the land. 14 R. C. L. p. 25; 31 C. J. p. 308.

This well with all of its pumping equipment and other apparatus is a detriment rather than a benefit to Mr. Metcalf's land unless it produces oil. At first it was a "gusher." It produced oil in paying quantities during the early operations by the plaintiff, but since the supply is not sufficient to pay the operating expenses. It came in like a lion and went out like a lamb. In view of this condition, the plaintiff can recover nothing for improvements and expenditures beyond the value of the oil produced during its operation of the well, and to that extent only, it may recover against the Cohassett Oil Corporation. It has no interest in future productions except as they may aid in measuring compensation for improvements.

For the reasons already stated, the plaintiff is entitled to no relief against the Standard Oil Company of Indiana, the Simrall Pipe Line Corporation, or the Wellman Oil Company. The Cohassett Oil Corporation received the proceeds from the sale of the oil which the plaintiff produced during its occupancy of the premises. It cost the Cohassett Oil Corporation nothing. In all fairness, it should be required to pay the proceeds to the plaintiff to be applied on its expenditures. Of this money, one-

eighth belonged to Joseph H. Metcalf for royalties. The court was wrong in charging these royalties to the other oil companies. They were received by the Cohassett Oil Corporation, and it should pay them.

The defendants John G. Turner and Frank Marxer are stockholders and officers of the Cohassett Oil Corporation, and under no theory of the case can be held personally liable to any of the parties.

The decree of the circuit court is reversed, and one will be entered here in accordance with this opinion.

CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. SHARPE, J., did not sit.