**CARTER OIL CO. v. McCASLAND et al.**
No. 4665.

United States Court of Appeals
Tenth Circuit.

Oct. 27, 1953.

Rehearing Denied Nov. 20, 1953.

Phillips, Chief Judge, dissented.

Alfred Stevenson, Holdenville, Okl., (Villard Martin, Garrett Logan, Forrest M. Darrough and Walter Davison, Tulsa, Okl., were with him on the brief), for appellant.

Clarence McElroy, Chickasha, Okl., and C. D. Cund, Duncan, Okl. (R. H. Brown, Duncan, Okl., and Owen Vaughn, Chickasha, Okl., were with him on the brief), for appellees.

Before PHILLIPS. Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This case is a sequel to the case of Carter Oil Company v. McCasland, decided by this court and reported in 190 F.2d 887. The facts are fully set out in our former opinion and only brief refer-ence will be made thereto in this opinion. It is sufficient to say that Carter assigned to McCasland its right in certain leases insofar as they covered producing horizons above a depth of 4,000 feet. The producing horizon in question was encountered in some places above 4,000 feet and in others below that depth. McCasland drilled wells on the acreage and encountered the oil horizon above 4,000 feet. In two wells drilled on the same acreage by Carter, the particular horizon was encountered below 4,000 feet. The question then was whether Carter, having assigned the right to drill for and produce oil and gas from a producing horizon encountered above 4,000 feet, could thereafter drill and produce oil and gas from wells on the same acreage in which the particular horizon was encountered below 4,000 feet. The trial court held that it could not do so and that it was guilty of conversion with respect to the oil taken from these two wells. The trial court reserved jurisdiction for the purpose of the accounting, pending an appeal to this court. On appeal the majority of our court affirmed the District Court. Thereafter an accounting was had. This appeal challenges the correctness of the accounting.

Appellant again makes the contention that the original decision of the trial court upheld by us on appeal is wrong and asks us to re-examine our decision and overrule it. It is sufficient to say that a majority of the court is of the view that our decision is correct and it will, therefore, be adhered to.

On the merits of this appeal, there is but one issue and that is the amount of costs resulting from the drilling of these two wells for which Carter may take credit in the accounting. It is conceded and was found by the trial court that Carter was an innocent trespasser. In Barnes v. Winona Oil Co., 83 Okl. 253, 200 P. 985, 986, 23 A.L.R. 189, the Oklahoma Supreme Court quoted with approval from Gladys City Oil Gas & Mfg. Co. v. Right of Way Oil Co., Tex.Civ. App., 137 S.W. 171, as follows: "The measure of damages for taking oil from

land through mistake * * * would be the value of the oil at the surface, less the reasonable cost of extracting it." This rule has been consistently adhered to by Oklahoma in the case of an innocent trespasser. The only question then is what is the reasonable cost of extracting this oil chargeable to McCasland. Carter contends that it was entitled to credit not only for the lifting costs of the oil from these two wells but also for the drilling and equipment costs thereof. The trial court rejected this theory, holding that it was entitled only to the lifting costs of the oil. There is no dispute as to the amount of these costs.

Carter cites a number of cases to sustain its contention that it should be allowed the drilling and development expenses as well as the lifting costs of the oil. No attempt will be made to analyze these cases. It is sufficient to say that the facts therein distinguish them from the facts in this case. In each of them was present an element of benefit to the owner other than the lifting cost. Many of the wells were taken over by the owner, who then continued producing them. Others were produced until the oil was exhausted. In others the drilling of a well tended to prove the acreage which had not been proven theretofore. Obviously all these factors were beneficial to the owner in addition to the lifting costs of the oil.

But here no such factors are present. McCasland had drilled and operated its own wells from which it was producing oil from this horizon. It could produce all the oil from the horizon through the wells it then had. Drilling these two wells gave it no information concerning its acreage it did not already possess. It asserted no claim or interest in the wells or the equipment therein. As far as it was concerned, the wells could be closed down and appellee would suffer no loss.

 We think the court correctly held that the only benefit to McCasland was the lifting cost of the oil incurred by Carter and that was all it could be credited with in the accounting.[1]

Affirmed.

PHILLIPS, Chief Judge (dissenting).

For the reasons stated in my dissent on the former appeal, 190 F.2d 893, I respectfully dissent.

---

1. See 58 C.J.S., Mines and Minerals, § 222; Guffey v. Stroud, Tex.Com.App., 16 S.W.2d 527, 64 A.L.R. 730.