**CHAMPLIN REFINING CO.**
**v.**
**PHILLIPS PETROLEUM CO. et al.**
No. 35904.

Supreme Court of Oklahoma.
April 27, 1954.

W. R. Kerr, Tulsa, for plaintiff in error.

Wilson & Leach, Tulsa, for defendants in error.

994

Nathan Scarritt, E. S. Champlin, D. J. Oven, Jr., Enid, T. Murray Robinson, Oklahoma City, for plaintiff in error.

Rayburn L. Foster, Harry D. Turner, D. E. Hodges, Bartlesville, Edward Howell, Oklahoma City, for defendants in error.

George W. Cunningham, Ralph W. Garrett, R. H. Wills, Forrest M. Darrough, John Rogers, George H. Bowen, Hawley C. Kerr, Ray S. Fellows, Tulsa, amici curiae.

O'NEAL, Justice.

A brief chronological statement of the previous litigation 'between the parties involving the oil and gas lease and the production therefrom will assist in an understanding of the case at hand.

In 1943, the State of Oklahoma, acting through the Commissioners of the Land Office, executed an oil and gas lease to the Champlin Refining Company, hereinafter referred to as Champlin, which lease purported to cover a tract of land described as the south half of the bed of the Arkansas River in Pawnee County, Oklahoma.

The State of Oklahoma, through the Commissioners of the Land Office, was cognizant that the riparian landowners were making claim to the center of the stream of the river. It thereupon authorized the filing of a suit in the District Court of Pawnee County, Oklahoma, to determine and adjudicate the ownership of the land in controversy. See Aladdin Petroleum Corp. v. State ex rel. Commissioners of the Land Office (Oldham v. State ex rel. Commissioners of the Land Office), 200 Okl. 134, 191 P.2d 224.

In that case the trial court quieted title in the south half of the river bed in the Commissioners of the Land Office, thus validating Champlin's oil and gas lease covering the land involved. Upon an appeal to this court the case was reversed. We held that the State's claim of ownership in the river bed was not well taken, and that the judgment on the title be entered in favor of the riparian owners and against the oil and gas lessee of the Commissioners of the Land Office. Thereafter a hearing was conducted in the trial court to determine the quantity of oil and gas produced by Champlin and its value. Champlin claimed certain deductions as drilling and operating costs. A portion of Champlin's claim was allowed and others were disallowed. In that hearing the trial court fixed Phillips' recovery based upon the highest market value of the oil and gas produced from the date of its production

to the date of judgment. An appeal was taken to this court. We held that the claim of Champlin covering drilling and operating costs should be sustained in its entirety. We further held that the trial court erred in finding that Phillips was entitled to the highest market value of the oil and gas produced from the respective dates of production to the date of judgment, for the reason that Phillips did not prosecute its claim for conversion with reasonable diligence and therefore could not invoke the application of Title 23, § 64, Subsection 2. See Champlin Refining Co. v. Aladdin Petroleum Corp., 205 Okl. 524, 238 P.2d 827, 830. The case was therefore remanded to the trial court for further proceedings.

Upon its remand Phillips filed its motion requesting that in addition to the value of the oil and gas which Champlin had theretofore paid Phillips, that judgment be entered in its favor for interest upon the value of the oil and gas produced from the date of its production and sale until payment was made, and for an additional sum representing a fair compensation for the time and money expended by Phillips in pursuit of its property as provided by Subsections 1 and 3 of Section 64, Title 23. Upon the motion the trial court entered a judgment in favor of Phillips in the sum of $8,755.32 as interest, but denied Phillips' claim for reimbursement for time and expenses incurred in pursuit of its property.

The present appeal presents the single question of the correctness of the judgment in favor of Phillips for interest, and the method employed in computing the interest if any sum is found to be due. Champlin contends that the law of the case is settled under the authority of Champlin Refining Co. v. Aladdin Petroleum Corp., supra, wherein we state:

"the measure of damages for oil produced by lessee taking possession in good faith under a void or invalid lease is value of oil less reasonable cost of production."

That under this rule the measure of damages in the present case is limited to the value of the oil and gas at the surface or in pipe line, less the reasonable cost of production and operation and no more. In support of this rule Champlin cites the following cases: Zelma Oil Co. v. Nemo Oil Co., 84 Okl. 217, 203 P. 203; Minshall v. Berryhill, 83 Okl. 100, 205 P. 932; and Barnes v. Winona Oil Co., 83 Okl. 253, 200 P. 985, 23 A.L.R. 189.

We have consistently held as evidenced by the cited cases, and many others, that the measure of damages for the taking of oil from land through mistake or where the lease was declared void or invalid, and in cases where a person in good faith enters into peaceable possession of land upon which he owns an oil and gas lease and produces oil and gas therefrom, and where the lease is subsequently declared invalid, is the value of the oil and gas produced at the surface or in pipe line, less the reasonable costs of its production.

Champlin asserts that this rule of equity should be here applied and that therefore Title 23, §§ 6 and 7, has no application to the facts in the instant case.

Title 23, §§ 6 and 7 read as follows:

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

"In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud or malice, interest may be given in the discretion of the jury."

Champlin persuasively argues that Phillips' claim, during the pendency of the litigation, was uncertain as to its existence; that it only became certain when the value of the oil and gas produced, equalled the drilling and operating costs.

The record discloses that during the time Champlin was producing oil under its lease, that the value of such production was less than Champlin's drilling and operating costs; therefore, until such time as the trial court adjusted the respective accounts of

the parties there was no certainty as to whether any sum was due Phillips. Phillips' claim only became liquidated when the amount due ·it was fixed by the court.

In · Lumbermen's Supply ·Co. v. Neal, 189 Okl. 544, 119 P.2d 1017, 1018, the claim was held to be uncertain both as to existence and amount. We there said:

"If defendant had no net profits during the specified period, plaintiff had nothing coming to him. If defendant in fact made a net profit during the period, plaintiff had a claim, but the amount thereof depended on a variety of factors, including disputed credits and deductions, so that there could be no amount fixed until such time as the disputed questions were passed upon by the court, and the claim of plaintiff, if any he had, reduced to judgment."

█ An unliquidated claim can only bear interest under the provisions of Title 23, § 6, when the person is entitled to recover damages certain, or capable of being made certain by calculation. The general rule is that when the claim is unliquidated that no interest is allowed prior to judgment.

In Essley v. Mershon, Okl.Sup., 262 P.2d 417, 418, the rule is announced as follows:

"Interest on an unliquidated account or claim under contract is not recoverable until the exact amount due is fixed by judgment."

A careful reading of the cases discloses that they are bottomed upon the proposition that where a lessee enters into peaceable possession of the premises believing in good faith that the lessor owned the entire title in the premises, that the measure of damages to the owner is the value of the oil and gas at the surface less the operator's costs and expenses of production.

As supplied to the case at bar, it is clear to us that the trial court based its judgment for interest on the "General Interest Statute", supra, and not upon the "Conversion Statute", Title 23, § 64.

We reach this conclusion for the reason the court refused to allow Phillips a fair compensation for the time and money expended by it in pursuit of the property as provided by Subsection 3 of Section 64, Title 23 of the Conversion Statute. There was no issue or dispute of the fact that Phillips had incurred an expense in pursuit of its property in the sum of $1,355.31.

Although there is disagreement of the parties whether the trial court applied the "General Interest Statute" or the "Conversion Statute", supra, in the allowance of interest, we are of the view that the court erred in its method of computing interest.

Phillips' position is that they are entitled to interest from the respective dates of the production and sale of the oil and gas. It is stipulated that under this theory Phillips · is entitled to a judgment in the sum of $8,755.32.

Champlin's position is that until the oil · and gas produced by them equals or exceeds their recoupment cost, that no sum is due and interest can only be computed from the date of "pay out" which is the sum of $557.96.

Champlin, as this court held, was not a willful or wrongful trespasser or converter but acted under a claim of title, and under such circumstances was entitled to recoupment for its costs in producing oil and gas from its lease. Until such time as Champlin was made whole, there was no sum or amount upon which interest could be computed. If Champlin's drilling or operating costs had exceeded the value of the oil produced, Phillips could not have recovered anything.

In Miller, Adm'r v. Tidal Oil Co., 161 Okl. 155, 17 P.2d 967, 87 A.L.R. 811, the record discloses that the well did not pay out. We there held that this expense being greater than the value of the oil produced, it follows that plaintiff was not entitled to recover anything, and there being nothing due plaintiff there was nothing upon which to compute interest, and his claim that he should have been allowed interest on the value of the oil taken if not allowed the highest market price of the oil, is without merit.

█ There is no dispute as to the volume or value of the oil and gas produced. It was agreed that its value was $130,818.05, and that the costs of production were

$113,338.13. The sum of $17,338.13 was then due Phillips and when that sum became definite and certain Phillips was entitled to payment therefor and if not paid, interest thereon.

We conclude that Phillips is entitled to recover interest in the sum of $557.96. The judgment in favor of Phillips in the sum of $8,755.32 is reversed. The case is remanded with directions to enter judgment in favor of Phillips against Champlin for the sum of $557.96.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.